### PLIMPTON *vs*. CURTISS.

An agreement to save the *statute of frauds* need not be in writing, although
by the terms of it the party may at his election perform the agreement *after
the year ;* it is only when it appears by the whole tenor of the agreement
that *it is to be performed after the year* that a note in writing is necessary.

DEMURRER to plea. The plaintiff declared on a contract
made the first day of October, 1828, by which the defendant
engaged to find timber for the frame of a house and to build a
house for the plaintiff, of certain dimensions, the whole to be
done *before the close of the year* 1829. In consideration of
which, the plaintiff was to pay a certain sum, payments to be
made as the work progressed. The defendant pleaded *actio
non*, because the promises, &c. were not to be performed *with-
in one year* from the time of the making of the agreement,
and that *no note or memorandum in writing* of the agree-
ment was made, &c. To this plea the plaintiff demurred.

*S. Cheever*, for plaintiff.

*S. Stevens*, for defendant.

*By the Court*, SAVAGE, Ch. J. It seems to be conceded by
the defendant, that this plea would have been bad upon spe-
cial demurrer, as amounting only to the general issue, but he
insists that objection cannot be raised upon a general demurrer.

The true question upon this record is, whether the agree-
ment set forth in the declaration is according to its fair con-
struction not to be performed within a year. The language
of the revised statutes, 2 *R. S.* 135, § 2, is as follows: " In
the following cases every agreement shall be void unless such
agreement, or some note or memorandum thereof, expressing
the consideration, be in writing, and subscribed by the party
to be charged therewith : 1. Every agreement that by its
terms is not to be performed within one year from the making

thereof." The agreement set forth in the declaration in this case is not for the building of a house *after* the expiration of one year, but that it shall be performed at the farthest within fifteen months. There is nothing in the agreement prohibiting the defendant from completing the contract within six months or a shorter period. Suppose he had done so, and sued the plaintiff for compensation for his labor and materials found, would it have been permitted to the plaintiff to have said that the contract was not to be performed within a year, and therefore it was not obligatory upon him? Most clearly not. And if obligatory upon one party, it is equally so on the other. The defendant might have performed the contract within a year, and therefore it is not within the statute. 10 *Wendell 426, and cases there cited.*

It is argued by the defendant's counsel, that by demurring, the plaintiff admitted the facts set up in the plea. That may be conceded in this case, and still the demurrer be well taken. The defendant does not plead any new fact, but merely draws an inference of law from the facts stated in the declaration; so that the question still returns, what is the legal effect of the contract as stated in the declaration? On that question there can be no doubt.

Judgment for plaintiff on demurrer; leave to amend on payment of costs.