Dresser *v.* Dresser.

---

ELEANOR DRESSER *vs.* GEORGE DRESSER.

The provision of the statute of frauds, declaring that every agreement not in writing, which by its terms is not to be performed within one year from the making thereof, shall be void, only applies to agreements which are, by express stipulation, not to be performed within a year.

It does not apply to an agreement which appears from its terms to be capable of performance within the year; nor to cases in which the performance of the agreement depends upon a contingency which may or may not happen within the year.

Accordingly, *held,* that a parol agreement, by which the defendant, for a valuable consideration, promised to furnish the plaintiff, at his residence, with proper and suitable board, clothing, care and attention, from the time of making said agreement, during the plaintiff's natural life, she being then sixty-five years of age, was not void by the statute of frauds, as being a contract which, by its terms, was not to be performed within the year. MORGAN, J. dissented.

THIS action was brought for the recovery of damages for the breach of a contract, by which the defendant, for a consideration paid to him, agreed by parol to furnish the plaintiff, at his residence, her support and maintenance as long as she might live. The complaint alleges the making

of the agreement on or about the first day of January, 1854, the age of the plaintiff then being about 60 years; a partial breach from the date of the agreement up to July 19, 1859, and a total breach at that date, and demanded damages for the partial breach, and final damages as for a total breach of an entire contract. The answer was simply a denial of the complaint generally. The principal question was whether the undertaking of the plaintiff by parol was void by the statute of frauds, as an agreement which by its terms was not to be performed within one year. The issue was brought to trial before Justice MORGAN and a jury, at the Jefferson circuit, in March, 1861. The plaintiff offered evidence by parol to prove the agreement on the part of the defendant to support the plaintiff, as set forth in the first cause of action in the complaint. The defendant objected to the evidence, on the ground that the agreement, resting in parol, was void under the statute of frauds, because not to be performed within a year, and that the plaintiff's remedy was by an action in equity for the specific performance of the agreement, or at law for the consideration of the agreement. The court sustained the objections, and the plaintiff excepted. The plaintiff also offered to prove by competent evidence all the other facts set forth in the said first cause of action, to which evidence the defendant objected as immaterial, because the agreement upon which the action is predicated is void, for the reason stated in the above objection, and also on the grounds stated in each of the above objections. The objections were sustained, and the plaintiff excepted. The plaintiff offering no further evidence, on motion of the defendant the court ordered the plaintiff be nonsuited; to which order and ruling the plaintiff excepted. An order of nonsuit was thereupon entered by the clerk, with the further order of the court that the exceptions taken by the plaintiff be heard in the first instance at the general term, and that in the meantime the judgment be suspended.

*F. W. Hubbard,* for the plaintiff.

*J. F. Starbuck,* for the defendant.

BACON, J.   The case fairly presents the question whether the agreement set up by the plaintiff, and upon which a recovery was sought, was within the statute of frauds.   The first count alleges that on or about the first day of January, 1854, in consideration of the transfer of certain property, or an interest therein, to him, the defendant agreed to furnish the plaintiff, at his residence, suitable board, care, clothing, &c. from the time of said agreement, during her natural life.   It then avers that while the plaintiff remained in the family of the defendant she was abused and ill treated, and finally expelled therefrom; and claims damages for her insufficient support while she remained with the defendant, and for his refusal to comply with his contract for the period which has since elapsed and will elapse.   Upon the trial, the plaintiff offered evidence to prove, by parol, the alleged agreement, to which the defendant's counsel objected, on the ground that the agreement resting in parol was void under the statute of frauds, because it was not to be performed within a year; and that the plaintiff's remedy was by an action in equity for the specific performance of the agreement, or at law for the consideration of the agreement.   The objection was sustained by the court, the evidence excluded and the plaintiff excepted.

In thus ruling I think the court erred.   The language of the statute (2 *R. S. 3d ed.* 194, § 2, *sub.* 1) is, that every agreement not in writing shall be void that "*by its terms* is not to be performed within one year from the making thereof." The agreement in this case clearly did not fall within the letter of the statute, although it is insisted by the defendant's counsel that it was not within the expectation of the parties that it should be performed within a year, and therefore it was within the statute.   I do not know how it is to be determined what the expectation of the parties was, in

this respect, nor do I know that this consideration would make any difference in the construction of the agreement. It was an agreement that was capable of performance within the year, for it depended upon the contingency of the plaintiff's life, and her death might happen within the year. The weight of authorities clearly is, that in order to the invalidity of such an agreement, it must, by its express terms, provide for a performance beyond the year, and that whenever the performance depends upon a contingency which may, or may not, happen within the year, the provision of the statute does not apply.

There are two cases reported in Massachusetts that fully recognize this distinction. The one in 18 *Pick.* 569, holds that the statute does not extend to an agreement that one party may cut trees on the land of another at any time within ten years, because such an agreement may be performed within a year. The case of *Peters* v. *Westborough,* (19 *Pick.* 364,) is still more in point, for the court there held, expressly, that a parol agreement to support a person a certain number of years is not within the statute. And it is put upon the ground that a parol contract is not void within this provision of the statute, if the performance of it depends upon a contingency *which may happen* within the year, although in fact it does not thus happen until after the expiration of the year.

In *Moore* v. *Fox,* (10 *John.* 244,) the court held that in order to bring a case within the statute, there must be an express and specific agreement not to be performed within the year, and that if the thing may be performed within the year, it is not within the act. In *Lockwood* v. *Barnes,* (3 *Hill,* 128,) the same principle is declared, and the court say that if the agreement be such that the time for performance, although it is highly improbable that it will, may arrive within a year, the case is not within the statute. *Artcher* v. *Zeh,* (5 *Hill,* 200,) is to the same effect; and it is emphatically stated in that case, that to bring a contract within the statute relating to parol agreements not to be performed with-

in a year, it must appear to be *necessarily incapable of performance* within that time.

In commenting upon this provision of the statute, Comstock, J. says, in 19 *N. Y. Rep.* 307, that "it is not the meaning of the statute that the contract must be performed within the year. If the obligation of the contract is not by its terms, or necessary construction, to endure for a longer period than a year, it is a valid agreement, although it may be capable of an indefinite continuance."

Upon a review of the authorities, Ch. Kent, in his commentaries, (2 *Kent,* 520, *note,*) says the statute only applies to agreements which are, by express stipulation, not to be performed within a year. It does not apply to an agreement which appears from its terms to be capable of performance within the year ; nor to cases in which the performance of the agreement depends upon a contingency which may or may not happen within the year.

Tested by this rule, founded on the authorities which fully sustain it, the agreement set up in this case was not void by the statute, and the proof offered to sustain this averment in the complaint should have been received.

The case of *Boydell* v. *Drummond,* (11 *East,* 142,) which is cited as a decisive authority against this construction of the statute, if in truth it stands opposed to these cases, must be considered as overruled by them ; but it is susceptible of the explanation, that in that case it was almost a matter of necessity that the contract could not be completed within a year, since by its very terms the publication of the book, to which the defendant became a subscriber, was to be made in annual numbers, running through a series of years, and such was the clear understanding of the parties to the agreement.

There is no necessity for driving the plaintiff in this case to an equitable action to enforce a specific performance. The contract and the breach being established, the law gives a remedy for such damages as the plaintiff shall be enabled to show she has sustained. *Wilder* v. *Seeley* (8 *Barb.* 412) is

a decisive authority for the maintenance of this action, and for a full recovery upon all the breaches assigned in the complaint.

The order nonsuiting the plaintiff must be set aside, and a new trial granted, with costs to abide the event.

ALLEN and MULLIN, Justices, concurred.

MORGAN, J. (dissenting.) The first count in the plaintiff's complaint, (which is the only one in question,) sets out a verbal agreement, by which the defendant, for a valuable consideration, on the 1st day of January, 1854, promised to furnish the plaintiff, (his mother,) at his own residence in Theresa, Jefferson county, with proper and suitable board, clothing, care and attention, from the time of making said agreement *during her natural life*. It further stated that she was about sixty-five years of age, and that the probable duration of her life would be thirty years from July 19, 1859 ; when, it is alleged, the defendant expelled her from his house and refused to support her. She also alleged, that the value of her maintenance would be two hundred dollars a year, and claimed three thousand dollars damages. The complaint also alleged, that a part of the consideration of the agreement was the transfer by her to him of her interest in a large amount of real and personal property.

On the trial, the plaintiff's counsel took the objection that the *parol* agreement was void under the statute of frauds, as the same was not to be performed within a year ; and that the plaintiff's remedy was in equity, for a specific performance, or at law, to recover back the consideration. The objection was sustained.

Although there is great difficulty in fixing upon any rule of damages, and great doubt whether prospective damages could be recovered upon the principle of the Northampton tables, I think an action at law may be sustained upon a valid agreement like the one in question. In *Shaffer* v. *Lee*

Dresser *v.* Dresser.

(8 *Barb.* 412) the jury assessed final damages upon a bond, conditioned to furnish the obligee and his wife with a maintenance during both and each of their natural lives. But it is remarkable that nothing appears in the case to show upon what theory the damages were assessed. As the damages were assessed at only $925.36, it is to be inferred that conjectural damages, based upon the probable duration of the lives of the obligee and his wife, were not claimed in the plaintiff's complaint, or if claimed, that they were abandoned or disregarded on the trial.

I am of opinion the plaintiff has no adequate remedy in a court of law, unless we assume to administer the same relief which has generally been conceded to be peculiar to courts of equity. I have never known the Northampton tables to be brought into a court of law, to aid the jury in fixing the probable duration of life, with a view to determine the probable expense of a life maintenance. But these considerations merely involve the expediency of bringing the suit in this court instead of going into a court of equity. Damages may doubtless be given, up to the time of the action, in case the agreement is not void within the statute of frauds.

I think the only question to be considered here is, whether the agreement set forth in the complaint is, by its terms, *not to be performed within one year from the making thereof*, and therefore void under the statute of frauds. The statute (2 *R. S.* 135, § 2) declares that every agreement, not in writing, "that by its terms is not to be peformed within one year from the making thereof," shall be void. In *McLees* v. *Hale* (10 *Wend.* 426) the agreement was, that the defendant should support a bastard child until it arrived at the age of five or six years, or as long as the child should be chargeable to the town, payments to be made weekly. And it was said that it was not within the statute of frauds. Savage, Ch. J., held that if the thing *may be performed* within the year, it is not within the statute. "Here (he said) was a contingency; the child might not continue chargeable for a year, or a

month. It was a contract to be performed immediately, continually, the utmost limit of which was six years; and if that limitation should be held void, it is not such an essential part of the contract as to avoid the whole." The case was however decided upon other grounds. Doubtless, one of the providential events, which would terminate the contract, was the death of the child; but if the contract had been that he was to keep the child five years, it might be terminated in less than a year, by the same event.

But it is said that inasmuch as the payments did not depend upon keeping the child five or six years, there might be a full performance within one year, by the death of the child.

This suggests the very question in dispute. Suppose the contract in the case at bar had read as follows : " For a valuable consideration I promise to support my mother, *Eleanor Dresser,* thirty years if she shall live to that age." The case shows that she would probably live to that age ; and it may be fairly inferred that *both parties supposed that the contract would last for thirty years or more.* Now, without doubt, the contract might *possibly* come to an end within one year, depending upon the *single* contingency of the plaintiff's death within that time; an event *not within the control* of either of the parties, nor within their reasonable expectations.

By its terms, *it is not to be* performed short of thirty years ; but the interposition of providence may put an end to it within one year. Does the contract in controversy differ in effect from the one above supposed ? I should say not, by any fair interpretation of its provisions. It is even more objectionable to the statute, for the time may run forty or fifty years, instead of thirty. A *lifetime* cannot be treated as less than one year, without anticipating an event which neither of the parties expected within that time.

By analogy, if a *lifetime* is less than one year, in the construction of contracts, a freehold interest in lands should be regarded as less than a tenancy from year to year. Without

the aid of authority, I should have no hesitation in holding that an agreement to last one's lifetime, is *not by its terms* to be performed within one year. *It may be,* but not by any act of the parties themselves.

In *Tolley* v. *Greene,* (2 *Sandf. Ch. R.* 93,) Assistant Vice Chancellor Sandford expressed his belief that there was no reported case which decides that a contract which cannot be performed within a year, except upon the contingency of the death of one or both parties or of a third person, is not within the statute. And yet, in *Rhodes* v. *Rhodes,* (3 *id.* 285,) the same distinguished jurist ventured to suggest that inasmuch as the contract there might, by the death of *Andrew,* have been fully performed within a year, it did not fall within the statute regulating parol contracts for services and works, (1 *R. L.* 78, § 11,) which is substantially the same as the present statute.

Judge Comstock, in delivering the opinion of the court of appeals in the case of the *Trustees of the First Baptist Church* v. *The Brooklyn Fire Insurance Co.,* (19 *N. Y. Rep.* 307,) held that if the agreement " is not by its very terms or *necessary construction* to continue for a longer period than one year, it is a valid agreement, although it may be capable of an indefinite continuance." And he observed, that " an agreement which either party can terminate at any time, by a notice to the other, may be binding so long as the notice is not given, but is not within the policy or language of the statute." But he mentions that it should be of such a character that " it can be so performed consistently with the language in which the parties have expressed themselves." If this is so, I should have no difficulty in holding, that an agreement which *cannot* be fully performed until the death of one of the parties, is not to be performed within one year. At all events, the *parties* cannot perform it by any legitimate action of their own, without the interposition of providence. Consistently with the language of the parties, it is to last the lifetime of one of the parties, and is not to be performed within

a year. Still, I think, if it should appear upon the face of the agreement that the death of the party was expected within that time, it would be *consistent* with the language of the parties to hold that it was to be performed within a year. And this is the only reasonable construction to be given to the statute. Parties may anticipate an event to occur within a year and provide for it accordingly; or they may anticipate an event to occur at the end of *thirty years* and provide for that. The uncertainty of the event may shorten or lengthen the time contrary to the expectations of the parties; but that is no reason for holding that the parties have contracted for a longer or shorter time than what is stated in the agreement. The obvious construction of this agreement is, that the defendant promised to support the plaintiff, not for one year, but for many years. It is therefore within the very mischief which the statute intended to provide against, if not within its very letter.

But some of the adjudged cases hold a different language. In *Artcher* v. *Zeh*, (5 *Hill*, 200,) where performance depended upon receiving a payment upon a mortgage which was not due until more than a year had elapsed, it was held that the agreement was valid. As the mortgage may have been paid *before* it was due, the performance may have taken place within a year. And it was said by Judge Cowen, in that case, "that to bring a contract within the statute, it must be necessarily incapable of performance within a year." I should have supposed that when a payment was not due until ten years from date, and the obligee agreed to perform an act when he received the payment, it was not to be performed within a year, consistently with the language of the parties, but only at the end of ten years.

That case does not however decide this. It was within the power of the parties to arrange the payment on the mortgage so as to enable the defendant to perform his contract within a year; while here, no such arrangement could have that effect. *Moore* v. *Fox*, (10 *John.* 244,) and *Plimpton* v. *Cur-*

Dresser *v.* Dresser.

*tiss,* (15 *Wend.* 336,) do not reach the question, although the language of the court is very strong. In the former case, the hiring was from year to year; and in the latter case, the defendant might have performed his contract in less than a year and received his compensation. *Lockwood* v. *Barnes* (3 *Hill,* 128) was a case clearly within the statute, and so held by the court. Judge Bronson indeed says, that if the agreement is such that the time of performance may, although it is highly improbable that it will, arrive within a year, the case is not within the statute; for which proposition he refers to several cases, already noticed, and also to *Wells* v. *Horton,* (4 *Bing.* 40,) decided by the common pleas, where *Charles Blissett,* being indebted to the plaintiff's wife, promised that his executor should pay her. The suit was brought by the plaintiff against *Blissett's* executor; and it was argued by the defendant's counsel that, under ordinary circumstances, a man does not contemplate that an undertaking to be accomplished after his death, is an undertaking that will be performed within a year. But Park, J. held, that " the thing rests on a contingency, and clearly may be performed within a year."

It may however be remarked of that case, that the action was for borrowed money; and, independently of the particular agreement, the law would have implied a promise to pay it back, and the executor would have been equally liable if there had been no such agreement as the court there undertook to interpret. (*See note* 3, 2 *Parsons on Cont.* 330.) But it was held in Massachusetts, in *Peters* v. *Westborough,* (19 *Pick.* 364,) that a parol contract to support a person for a certain number of years is not within the statute. Wilde, J., in giving his opinion in that case, observed, that " the performance of the plaintiff's agreement with the child's father, depended on the contingency of her life." The same judge, in another part of his opinion, observed that to bring a case within the statute, it must appear to have been expressly stipulated by the parties, or it must appear *to have*

*been so understood by them,* that the agreement was not to be performed within a year. It is manifest that the decision was directly opposed to the reasoning of the judge, and to the clear understanding of the parties in that case. (*See note z,* 2 *Pars. on Cont.* 319, 4*th ed.*)

In *Hinckley* v. *Southgate,* (11 *Verm. R.* 430,) Redfield, J. says : "It is doubtless true that the statute does not extend to any case where the time of performance is uncertain, but is expected to come or may probably come within one year. In such case, the parties might be said to act in good faith in relation to the requirements of the statute, in not reducing their contract to writing. But where the contract is not expected to be performed within the year, but depends upon a contingency, which may by mere possibility occur within the year, it would seem but a reasonable strictness of construction to require the contract to be reduced to writing. Such was in effect the case of *Boydell* v. *Drummond,* (11 *East's R.* 142.)

In the text of 2 *Parsons on Cont.* 316, 4*th ed.* it is said, that if when made the contract "was in reality capable of a full and a bona fide performance within the year, without the intervention of extraordinary circumstances, then it is to be considered as not within the statute."

I am entirely satisfied with the correctness of the observations of Redfield, J. in *Hinckley* v. *Southgate,* and I think they are well supported by what was said by Judge Comstock in 19 *N. Y. Rep.* 307, above cited.

If the question is an open one in this state, as I think it is, I am unwilling to adopt a construction which would overrule the manifest intention of the legislature. Here the parties made a promise for a future maintenance of the plaintiff, which they must have supposed would last many years. This is plainly evident from the complaint, which supposes that in the ordinary course of nature the plaintiff would have lived at least thirty years after the making of the contract.

I am unwilling to engraft upon such a contract a technical rule which overrides the statute.

By its terms, this agreement *was not to be performed within one year.* By an interposition of providence, it was *possible* that full performance might have taken place within one year. But this is not the meaning of the statute.

I think the objection was well taken, and that the defendant is entitled to judgment.

New trial granted.

[ONEIDA GENERAL TERM, January 7, 1862. *Bacon, Allen, Mullin* and *Morgan,* Justices.]