KENT *et al.*, appellants, v. KENT *et al.*

*Evidence — judgment against administrator — Statute of frauds — contract to terminate at death of party.*

In an action against the heirs and the grantee of an intestate to set aside the conveyance and charge the lands with a debt of intestate, *held*, that a judgment against the administratrix of intestate was not admissible to prove the debt. *Sharpe* v. *Freeman*, 45 N. Y. 802.

S. agreed to work for J., J. to pay him at his, J.'s death. *Held*, not within the statute of frauds, as the contract might be performed within a year. *Dresser* v. *Dresser*, 35 Barb 573.

APPEAL from judgment dismissing plaintiff's complaint in an action tried before the court without a jury.

The action was brought by Miles Kent and others against Hector S. Kent and others. The facts appear sufficiently in the opinion.

*J. W. Dinning,* for appellants.

*J. J. Van Allen,* for respondents.

BOARDMAN, J. The action was brought to set aside a conveyance made by Jonathan Kent in his life-time of real estate, and to charge the same with a claim owned by plaintiffs against the estate of said Jonathan Kent, deceased, arising for work and labor of one Samuel G. Kent for said Jonathan in his life-time, payable at his death. Such claim had been put into a judgment against the administratrix, but there were no personal assets to pay the same. This action was brought against the heirs and grantees under the conveyance, to establish such claim as against them and to secure the pay therefor out of such real estate. The contract out of which such claim arose was made by parol in 1838. Jonathan Kent died in September, 1864, and soon after Lucy Kent, his widow, was appointed administratrix of his estate. Judgment against her as administratrix was rendered in July, 1870. This action was commenced in July, 1872. The answer of defendants, among other things, denies the indebtedness, and sets up the statute of limitations as a bar to plaintiffs' recovery.

The judgment roll in the action by plaintiffs against the administratrix was, as I understand the case, the only evidence of debt offered by plaintiffs upon the trial of this action. That evidence was properly rejected. *Sharpe* v. *Freeman,* 45 N. Y. 802. A judgment against the administratrix is not evidence of a debt of intestate as against the heirs or grantees of intestate. If, then, I am correct in supposing that was all the evidence of indebtedness offered by plaintiffs, their cause of action was not made out, and their complaint was properly dismissed.

If, however, the language used in the case can be properly construed into an offer to prove the original indebtedness as stated in the complaint, there is still a fatal objection. According to the allegations of the complaint, this debt became due upon the death of Jonathan Kent, in September, 1864. This action was not

brought against the heirs until July, 1872, a period of seven years and ten months after the cause of action had accrued. Excluding eighteen months given the administratrix for the settlement of the estate from the computation of time, and still more than six years elapsed between the time when the cause of action accrued and the commencement of this action. So that the cause of action was barred by the statute of limitations upon the conceded facts in the case. If the same rule of allowance is not applicable to. the case of actions against heirs at law and grantees the case would be still stronger.

Recognizing *Dresser* v. *Dresser*, 35 Barb. 573, as authority, since it was afterward affirmed in the court of appeals, the contract in this case was valid under the statute of frauds, because by the possible death of the father within a year after the making of the contract it would have been performed within the year. In other words, it was possible that the performance of the contract would be complete within the year, and it was not by its terms not to be performed within a year.

But for the reasons above assigned it is believed the judgment is correct and should be affirmed, with costs.

*Judgment affirmed.*