MILES KENT et al., Appellants, *v.* HECTOR C. KENT et al., Respondents.

The provision of the statute of frauds (2 R. S., 135, § 2) declaring void a parol agreement, which by its terms is not to be performed within one year "from the making thereof," does not include an agreement uncertain as to time and which may consistently, with its terms, be performed within a year, although it is not probable or expected that it will be.

Accordingly *held*, that an agreement for work and labor to be paid for at the death of the employer, was not within the statute.

The employer died in September, 1864. An action upon the claim was brought against his administratrix in July, 1867. Judgment was recovered therein which was uncollected as no personal property came to the hands of the administratrix wherewith to pay the same. This action was brought in July, 1872, to set aside an alleged fraudulent conveyance made by the intestate, in his lifetime, of certain real estate. *Held*, that the provision of the statute of limitations as to the time of commencing actions against

executors and administrators, was not applicable; that while it would have been competent for defendants to have proved that the right of action against the personal representatives of the deceased was barred by lapse of time, yet that no such defence existed here, as it appeared that an action was commenced within the prescribed time and judgment recovered; that the judgment was not evidence of the claim as against defendants, but such claim being established by evidence *aliunde*, the record of the judgment was conclusive evidence that there was no statutory bar to the claim, as against the personal representative, available to defendants.

*Kent et al.* v. *Kent et al.* (1 Hun, 529; 3 T. & C., 630) reversed.

(Argued June 25, 1875; decided September 21, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of defendants entered upon an order dismissing plaintiffs' complaint on trial.   (Reported below, 1 Hun, 529; 3 T. & C., 630.)

The complaint alleged in substance that, in 1838, Jonathan Kent entered into an agreement with his son Samuel G. Kent, by which the latter agreed to work for the former upon his farm, and was to receive therefor what the services were worth, payable after the death of the father, who agreed to leave his property so that the same should be paid out of his estate; that in pursuance of the agreement said Samuel remained in the employ of his father from 1838 to and including the year 1843, and his labor and services were worth $960; that Jonathan died in 1864, intestate, and Lucy Kent was duly appointed administratrix of his estate; that she having refused to allow the claim for such services, about July 1st, 1867, an action was brought against her thereon and judgment therein was duly obtained and perfected for the amount of the claim, which judgment was duly assigned to the plaintiffs herein; that said Jonathan had not, at his death, sufficient personal property to pay said debt; that the administratrix accounted, and from such accounting it appeared that she had paid out more money in the performance of her duties than she had received; that prior to his death, in 1862, the said Jonathan was the owner of certain real estate, specifically described, which, for the purpose of

placing it out of the reach of his creditors, and particularly of said Samuel, he fraudulently conveyed to defendant Hector Kent, taking back a life lease, the only consideration therefor being a mortgage executed by the grantee providing for the payment of $500 to each of the defendants, Phebe Crane and Hannah Burnett, daughters of the grantor, for which no consideration was paid by them; said Hector well knew of the existence of said claim and the purpose of the conveyance. The complaint asked judgment setting aside the deed, or that the judgment be adjudged a prior lien. The defendants, among other things, pleaded the statute of limitations.

Upon the trial plaintiffs' counsel offered in evidence the judgment roll of the judgment described in the complaint. This was objected to and objection sustained. It was thereupon, as the case states, conceded that this action was commenced July 1st, 1872, and that the agreement set forth in the complaint was not in writing.

Plaintiffs' counsel thereupon offered to prove the allegations of the complaint, "except he did not offer to prove the judgment otherwise than by said judgment roll, and evidence connected therewith or founded thereon." The court rejected the evidence and ordered the complaint dismissed, to which plaintiffs' counsel duly excepted.

Further facts appear in the opinion.

*Jno. W. Dininny* for the appellants. The contract of plaintiffs' assignor was not void by the statute of frauds. (*McLeas* v. *Hale,* 10 Wend., 426; *Moore* v. *Fox,* 10 J. R., 244; *Trustees Bap. Ch.* v. *Bklyn. F. Ins. Co.,* 19 N. Y., 307; 18 Pick., 569; 19 id., 364; 14 How. [U. S.], 29; *Bates* v. *Graham,* 11 N. Y., 237.) The action was not barred by the statute of limitations. (2 R. S. [4th ed.], 294; Code, § 105; *Butts* v. *Genung,* 5 Paige, 254; *Brace* v. *Tilson,* 25 N. Y., 194; *Edwards* v. *Diefendorf,* 5 Barb., 398; Code, §§ 91, 97; 1 Wait's Pr., 61, § 14.)

*John J. Van Allen* for the respondents. The contract of plaintiffs' assignor was void by the statute of frauds. (*Pitkin*

v. *L. I. R. R. Co.*, 2 Barb. Ch., 222 ; *Lockwood* v. *Barnes,* 1 Den., 602 ; *Spencer* v. *Halstead,* id., 606 ; *Broadwell* v. *Getman,* 2 id., 87 ; *Miner* v. *Homer,* 2 Hilt., 116 : *Amburger* v. *Marvin,* 4 E. D. S., 613 ; *Drumond* v. *Burrell,* 13 Wend., 307 ; *Shute* v. *Dorr,* 5 id., 204 ; *Little* v. *Wilson,* 4 E. D. S., 422 ; *McGlucky* v. *Bitter,* 1 id., 618 ; *Lower* v. *Winters,* 7 Cow., 263 ; *Collier* v. *Coates,* 17 Barb., 471 ; *Battle* v. *Roch. City Bk.,* 5 id., 414 ; *Abbott* v. *Draper,* 4 Den., 51 ; *Wier* v. *Hill,* 2 Lans., 278 ; *Oddy* v. *James,* 48 N. Y., 682.) The claim was barred by the statute of limitations. (*Reynolds* v. *Co'lins,* 3 Hill, 36.) The judgment roll offered in evidence by the plaintiffs was no evidence of the validity of their demand in this action and was properly excluded. (*Sharp* v. *Freeman,* 45 N. Y., 802 ; Willard on Exrs., 315 ; *Baker* v. *Kingsland,* 10 Paige, 360 ; *Ferguson* v. *Brown,* 1 Bradf., 10 ; *Renwick* v. *Renwick,* id.; *Ball* v. *Ball,* 17 How., 308 ; *Warren* v. *Paff,* 4 Bradf., 260 ; *Howell* v. *Babcock,* 24 Wend., 488 ; *Ball* v. *Miller,* 17 How. Pr., 300 ; 2 R. S., 359, § 7 ; id., 449, § 12 ; id., 355, § 24 ; id., 89, § 40 ; id., 102, § 10.)

Allen, J. The Supreme Court at General Term reversed the decision of the judge at Special Term, but affirmed his judgment upon a ground not considered or made upon the trial, and which was not presented by the record. It was held by the court, at the trial, that the contract, under which the plaintiff's assignee rendered the services mentioned in the complaint, was void by the statute of frauds, and that therefore a right of action existed against the decedent at once, upon their performance, upon a *quantum meruit.* It followed that those services having been rendered in 1845, and the debtor dying in 1864, this action, not having been brought until 1872, was barred. Upon this view of the contract the judge was entirely right ; and the cause of action was barred at the death of Jonathan Kent, the original debtor, and there never was a cause of action against the personal representatives or the heirs at law of the deceased debtor.

This clearly resulted from the ruling that the contract for compensation by a testamentary provision was void, as not to be performed within a year from the making thereof. (*Shute* v. *Dorr*, 5 Wend., 204.) But the judge erred in holding the contract within the statute making void "every agreement that by its terms is not to be performed within one year from the making thereof." (2 R. S., 135, § 2.) The performance of the contract as alleged in the complaint, and offered to be proved upon the trial, was not necessarily or by the terms of the agreement postponed for more than one year from the time it was made. It was uncertain as to its duration. No time was agreed upon for service by the assignor of the plaintiffs; and the time for the performance of the agreement by the deceased was not, by the terms of the contract, to be more than one year from the making of the contract. The time of payment depended upon the continuance of the life of the deceased; and the debt might become due at any time. (*Trustees of First Baptist Church* v. *Brooklyn F. Ins. Co.*, 19 N. Y., 305; *Plimpton* v. *Curtiss*, 15 Wend., 336.) The statute, as interpreted by courts, does not include agreements which may or may not be performed within one year from the making, but merely those which within their terms, and consistent with the rights of the parties, cannot be performed within that time. If the agreement may consistently with its terms be entirely performed within the year, although it may not be probable or expected that it will be performed within that time, it is not within the condemnation of the statute. (*Fenton* v. *Emblers*, 3 Bur., 1278; *McLees* v. *Hale*, 10 Wend., 426; *Moore* v. *Fox*, 10 J. R., 244.) *Dresser* v. *Dresser* (35 Barb., 573), affirms the same doctrine; but counsel suggested, upon the authority of a list of decisions by the Court of Appeals, in December, 1863, as printed 26 How. Pr. R., 600, that the decision had been reversed, and the doctrine of the case, as reported by Mr. Barbour, repudiated by this court. The learned counsel was mistaken; the principles decided by the Supreme Court in that case were not reversed or overruled

by this court; the cause went down for retrial, and was retried pursuant to that decision; and upon second trial the plaintiff had a verdict and judgment, and the last judgment was reversed by this court upon exceptions taken at the Circuit to the exclusion of evidence and as to the measure of damages. The court did not reconsider the question now under consideration or the validity of the contract, but a new trial was granted, which would have been futile if the contract was absolutely void. Judge EMOTT, alone, questioned the reported decision; and it was sustained by Judge DENIO in a well reasoned opinion, not reported. I concurred in the decision of *Dresser* v. *Dresser*, as reported in 35 Barbour, and still believe the rule there laid down to be correct. It is certainly in harmony with the reported decisions. The statute had not then run, or commenced running, at the time of the death of the ancestor of the defendants, and the judgment at Special Term was erroneous, as was substantially adjudged by the court at General Term. It should have been reversed and a new trial granted. It was, however, affirmed, by the application of the statutory limitations governing in actions against the personal representatives of deceased debtors. In this the learned court at General Term erred.

Under the circumstances of this case, the limitations prescribed by statute to the time for commencing actions against executors and administrators were not applicable. This action is based upon a claim against the estate of the deceased debtor, to reach property alleged to have been conveyed by the debtor in his lifetime in fraud of the rights of creditors. It would have been competent for the defendants to have proved that the right of action, as against the personal representatives of the deceased debtor, was barred by lapse of time, or to allege any defence which would have availed the personal representatives in an action against them upon the same claim. They might, also, avail themselves of any defence peculiar to them — as that the statute had barred the right to any relief against them or the property conveyed,

notwithstanding the cause of action was perfect against the administrators.

The error of the court at General Term consisted in holding that the claim was barred by lapse of time at the commencement of this action, within the statute regulating the time for commencing actions against personal representatives of deceased debtors. The claim was not barred as against the estate or the personal representatives of the deceased debtor. He died in 1864 ; the action was commenced against his personal representatives in 1867, resulting in a judgment for the claimant in 1870, two years before the commencement of the present action. That judgment was not evidence against the present defendants of the claim or demand (*Sharpe* v. *Freeman*, 45 N. Y., 802) ; but the claim being established by evidence *aliunde*, the record was evidence that an action had been brought within the time allowed by law, and a judgment recovered thereon, and was conclusive evidence that there was no bar under the statute, of the claim as against the personal representatives, available to the defendants; and it was upon the assumed existence of such a bar that the defendants had judgment in the court below. The only limitation of time, therefore, which was available to the defendants as a bar to the action, was that which is applicable to actions for equitable relief against fraud.

What that limit as applied to this case is, was not suggested or passed upon by the Supreme Court, either at Special or General Term, and is not, therefore, before us upon this appeal. Upon the view taken by the court at Special Term, of the invalidity of the special contract under which the plaintiffs claim, the question could not be in the case. Evidence bearing upon that question, or of circumstances showing when the cause of action accrued and the statute of limitations commenced running, upon the assumption that there was an original liability, would have been incompetent after the decision made at the opening of the trial, that the agreement was invalid.

The cause should go back for a retrial, to the end that upon such evidence as the parties may give, and all the circumstances of the case, the legal questions involved may be properly presented.

Judgment reversed and a new trial granted, costs to abide event.

All concur; Miller, J., not sitting.

Judgment reversed.