PATRICK J. SMITH, RESPONDENT, v. PATRICK CONLIN AND OTHERS, APPELLANTS.

*When a verbal contract is not void, as being a contract not to be performed within one year.*

In October, 1876, plaintiff entered into a verbal agreement with the trustees of a school district, by which he was to teach for the year ending October 1, 1877, at a fixed salary, and for a further term of one year, at the same salary, to commence on the last mentioned day, if no notice should be given by either party, at least two weeks prior to that date, that the services should then cease.

*Held,* that the agreement was not void as one which, by its terms, could not be fully performed within one year. (LEARNED, P. J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed at the circuit.

*J. Newton Fiero,* for the appellants.

*J. E. Van Etten,* for the respondent.

BOCKES, J.:

The contract with the plaintiff to teach was made in October, 1876, and was by parol. It was for the year ending October 1, 1877, at a salary of $552, and for a further year, at the same salary, to commence on the last mentioned day, if no notice should be given by either party, at least two weeks prior to that date, that the services should then cease. Such notice was not given, and the plaintiff continued his services for a few weeks into the second year, when he was discharged by the defendants. He made claim for his salary for the entire year. On the trial judgment was awarded him for the full amount.

It was urged on the trial, and it is still urged on this appeal, that the contract, as regards the second year, was void by the statute of frauds, which provides that " every agreement that, by its terms, is not to be performed within one year from the making thereof," shall be void unless in writing and subscribed by the party to be charged therewith. (2 R. S., 135, § 2, sub. 1.) On the argument of the appeal at bar, I was fully impressed with the correctness of this position; but, on examining the authorities, I find it otherwise expressly decided. In *Trustees* v. *B. F. Ins. Co.* (19 N. Y., 305), the agreement was that, until notice to the contrary should be given by one party or the other, the defendant should renew the policy from year to year. It was held that the agreement was not within the statute of frauds, although by parol. Judge COMSTOCK, in delivering the opinion of the court, says : " Such an agreement, although not in writing, is not void by the statute of frauds." He adds : " It is not the meaning of the statute that the contract must be performed within a year. * * * If the obligation of the contract is not, by its very terms, or necessary construction, to endure for a longer period than one year, it is a valid agreement, *although it may be cap-*

*able of an indefinite continuance."* The learned judge further says, that such an agreement is not within the language or policy of the law, and cites authorities sustaining his view. This case is much like *Moore* v. *Fox* (10 Johns., 244), on the facts, where it was said that, to bring the case within the statute of frauds, there must be an express and specific agreement *not* to be performed within the space of a year. (See, also, *McLees* v. *Hale*, 10 Wend., 426.) The case of *The Trustees* v. *B. F. Ins. Co.* *(supra)* came before the Court of Appeals the second time (28 N. Y., 153), where the former ruling received approval. Judge EMOTT says : " This court has decided, and from its decision we are not to depart, that an agreement, by parol, to renew this policy from year to year  *  *  *  until one of the parties should signify its dissent to a further continuance of the arrangement, was not void by the statute of frauds." (Page 163.) The question again came before the Court of Appeals in *Kent* v. *Kent* (62 N. Y., 560), where the rule laid down in *Trustees* v. *B. F. Ins. Co.* was again considered and approved. Judge ALLEN says, in *Kent* v. *Kent*, that "the statute, as interpreted by the courts, does not include agreements which may, or may not, be performed within one year from the making, but merely those which, within their terms, and consistent with the rights of the parties, cannot be performed within that time ; " and the learned judge adds : " If the agreement may, consistently with its terms, be entirely performed within the year, although it may not be probable, or expected, that it will be performed within that time, it is not within the condemnation of the statute." (Page 564.) Here, too, the case of *Dresser* v. *Dresser* (35 Barb., 573) ; in Court of Appeals (1 Abb. Dig., LXIV), received approval. The question presented in this case, therefore, seems to be determined in the plaintiff's favor by the authorities. The reasoning of the defendant's counsel is as follows, and is certainly specious ; he says : The contract for the second year must have become a binding contract before it could be enforced ; if it became a binding contract at all, it was by reason of what was said between the parties in October, 1876 ; this was the time of " making " the contract, and was nearly a year before its performance commenced, and

almost two years before it could be fully performed; hence it was void by the statute because not to be performed within one year from the making. This reasoning, however, is according to the cases fallacious, in view of the language employed in the statute. That makes a contract by parol void only when, by its terms, it *cannot* be performed within one year from the making. Here the contract might have been performed within the year by the giving of the notice; and this fact, according to the authorities, takes the case out of the statute. The ruling of the learned judge at the trial was, therefore, correct. There was no request to have the case given to the jury, if, indeed, there was any question of fact as to which there could be doubt.

The judgment should be affirmed, with costs.

BOARDMAN, J., concurred.

LEARNED, P. J., dissenting.

In October, 1876, the plaintiff agreed, verbally, with defendants, to teach for one year, from October 1, 1877, at a certain salary, unless, at least two weeks before October 1, 1877, either plaintiff or defendants should give notice to the contrary. Is this an agreement which, by its terms, is not to be performed within one year from the time of making? I do not see how the privilege of annulling the agreement, by a notice two weeks before performance was to commence, makes the agreement one which can be performed within one year from making it. The agreement could not be performed till October 1, 1878. It might be annulled by notice as late as September 15, 1877. But annulling is not performing.

Nor, as it seems to me, is the validity of this agreement affected by the fact that, at the same time, there was also an agreement made, to teach from October, 1876, to October 1, 1877, absolute and with no right in either party to annul it.

The two agreements were distinct. One was absolute, and ended October 1, 1877. The other was conditional; that is, it might be annulled by either party before a certain time. If annulled, then it could not be performed at all within a year, or within any time whatever. If not annulled, then it

could not be performed within a year from the time when it was made.

Again, no notice having been given, the agreement ceased to be conditional, and became absolute, September 15, 1877; and it was then an agreement which could not be performed until October 1, 1878, and could not be performed within a year from the time when it became binding by its terms.

This case should be " *distinguished* " from *Trustees* v. *B. Fire Ins. Co.* (19 N. Y., 305). In the present case, it was not the right of either party to annul the agreement, now in question, by giving notice at any time. It could only be annulled by a notice given, within two weeks, prior to October 1, 1877. While the case in 19 N. Y., 305, is put on the ground that either party could terminate the contract at any time.

Present — LEARNED, P. J. ; BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.