Smith, P. J.
Action for partition of real estate, the legal title to which was in John W. Stewart, at the time of his death, intestate, and the parties hereto being his heirs-at-law. The respondent set up, as a defense to the action, that he was the equitable owner of the premises sought to be partitioned, under a parol agreement made by said intestate, to the effect that if the respondent, his son, would stay with his father and mother while they lived, and aid in taking care of them, he should have the title to the premises, on the death of the survivor of them. Fach of his parents are dead. The referee found that said agreement was made as alleged, and that it had been fully perfomed on the part of the respondent, and that the respondent is the equitable owner of the premises, and entitled to a conveyance thereof, and that as such he is entitled to the surplus of the proceeds of the sale thereof in this action, after the payment of certain costs specified in the referee’s *290 report. It seems that a judgment of partition was previously entered by default, in pursuance of which a sale was had, and after such sale the respondent excused his default and was permitted to come in and defend.
It is contended by the appellant’s counsel that the finding of the agreement is unsupported by the evidence. A careful reading of it satisfies us that there is enough to support the finding. The declarations made by the intestate, some of them in the presence of the respondent, taken in'connection with the acts and conduct of the parties, for a long series of years, as stated by the witnesses, lead very satisfactorily to the conclusion, that an agreement was made substantially as alleged, in pursuance of which the respondent acted. Some expresssions used by the testator, as testified to, indicate that he may not have had a clear idea of what was technically necessary to vest the title in his son, but that he intended it should so vest, and had agreed with him that it should, on certain conditions, which were shown to have been performed, we think is sufficiently proved to warrant the finding.
The fact that the respondent was a minor when the agreement was made, does not affect its validity, since the agreement was ratified after he became of age. The agreement of the respondent was a good consideration for the agreement of his father, inasmuch as it bound the respondent to render service for his parents, after he should become of age, if they should live so long, as they did, in fact.
As the respondent is entitled to the entire premises, in fee, by force of the agreement, no question arises between him and the other heirs, in regard to the value of the improvements made by him upon the premises.
The appellant’s counsel contends that the agreement, being oral, is within that provision of the statute of frauds, which declares void every agreement that, by its terms, is not to be performed within one year from the making thereof. The point was decided adversely to that contention, in a similar case, by the general term of this court, in the fifth district. Dresser v. Dresser, 35 Barb., 573. It was there held that a verbal agreement to provide for a person during his fife, is valid, notwithstanding the statute, inasmuch as he might die within a year, and the statute only extends to agreements which cannot be performed within one year. Mr. Abbott, in his digest (vol. 2, p. 243), says, that on a subsequent appeal, the court of appeals were divided on the question, but as the case is unreversed, we feel bound to follow it.
The judgment should be affirmed with the costs of this appeal.
Haight, Bradley and Lewis, JJ., concur.