Pflugar *v.* Pultz.

---

# WILHELMINA PFLUGAR

## *v.*

# CHRISTOPHER PULTZ et al.

In June, 1883, defendant verbally agreed with complainant that, if she would do his housework and take care of him during the remainder of his lifetime, he would devise to her the house and lot wherein he then lived. She did thus care for him until 1886, when, without sufficient cause, he left the place to live with one M , and shortly afterwards made and delivered to

NOTE.—In *Johnson* v. *Hubbell, (2 Stock. 332) 66 Am. Dec. 773, 784 note,* are collected many cases on the validity of contracts to dispose of property by will. Some additional cases are here cited: *Brookman's Trust, L. R. (5 Ch. App.) 182 ; Alderson* v. *Maddison, 43 L. T. (N. S.) 349, L. R. (5 Exch. Div.) 293, (7 Q. B. Div.) 174, (8 App. Cas.) 467, 31 Moak 701, 35 Moak 790; 12 Cent. L. J. 98, 15 Cent. L. J. 445 ; Arthure* v. *Dillon, 2 Irish Jur. 162 ; Maunsell* v. *White, 1 Jones & Lat. 530, 4 H. L. C. 1039 ; Fitzgerald* v. *Fitzgerald, 20 Grant's Ch. 410 ; McCormick* v. *McRae, 11 U. C. Q. B. 187 ; Bolman* v. *Overall (Ala ), 2 South. Rep. 624 ; Lowe* v. *Bryant, 30 Ga. 528; Spearman* v. *Wilson, 44 Ga. 473 ; Drennan* v. *Douglas, 102 Ill. 341 ; Wallace* v. *Rappelye, 103 Ill. 229, 665 ; Lee* v. *Carter, 52 Ind. 342 ; Frost* v. *Tarr, 53 Ind. 390 ; Caviness* v. *Rushton, 101 Ind. 500 ; Wilson* v. *Wilson, 37 Md. 1; Wilkes* v. *Burns, 60 Md. 64; Shakespeare* v. *Markham, 10 Hun 311, 72 N. Y. 400; Dana* v. *Wright, 23 Hun 29 ; Sherman* v. *Scott, 27 Hun 331; Eagan* v. *Kergill, 1 Dem. 464 ; Mut. Life Ins. Co.* v. *Holloday, 13 Abb. N. C. 16 ; Neal* v. *Gilmore, 79 Pa. St. 421 ; Taylor*

Pflugar *v.* Pultz.

M. a deed for his house and lot, taking from M. a bond conditioned that M. should support him during his lifetime—*Held,*

(1) That complainant was entitled to relief by enjoining the conveyance of the property to M.

(2) That the agreement was not invalid under the statute of frauds, and was enforceable.

On bill, answer and proofs.

*Mr. Charles A. Baake* and *Mr. J. J. Crandall,* for complainant.

*Mr. A. Stephany,* for defendants.

Bird, V. C.

This bill is filed to enjoin the defendant Pultz from conveying property which he had agreed with the complainant to devise to her by his last will and testament, in case, as is alleged, she should enter into his service and take care of him and nurse him during the remainder of his life. It is admitted that in June, 1883, Mr. Pultz agreed with Mrs. Pflugar, the complainant, that if she would go into his service, and do his housework, and nurse and take care of him in his sickness, during the remainder of his life, he would make and execute a last will and testament, and would therein and thereby devise to her the house and lot in which he then lived; and it was also agreed that she accepted the offer,

v. *Mitchell, 87 Pa. St. 518 ; Cottrell's Estate, 11 Phila. 93 ; Berkey* v. *Auman, 91 Pa. St. 481; McKeegan* v. *O'Neill, 22 S. C. 454;* see *Quinland* v. *Quinland, Hay. & Jones, 785 ; McGuire* v. *McGuire, 11 Bush 142 ; Stanton* v. *Miller, 14 Hun 383, 79 N. Y. 620 ; East* v. *Dolihite, 72 N. C. 562 ; Meck's Appeal, 97 Pa. St. 313 ; Wall's Appeal, 111 Pa. St. 460 ; Dashwood* v. *Jermyn, L. R. (12 Ch. Div.) 776.*

Whether the statute of frauds applies to such a contract by parol for a devise, see *Caton* v. *Caton, L. R. (2 H. of L.) 127 ; Coles* v. *Pilkington, L. R. (19 Eq.) 174; Stafford* v. *Bartholomew, 2 Ind. 153 ; Wallace* v. *Long, 105 Ind. 522 ; Mauck* v. *Melton, 64 Ind. 414; Stern* v. *Nysonger, 69 Iowa 512 ; Segars* v. *Segars, 71 Me. 530 ; Semmes* v. *Worthington, 38 Md. 298 ; Berge* v. *Hiatt, 82 Ky. 666 ; Gould* v. *Mansfield, 103 Mass. 408 ; Wellington* v. *Apthorp (Mass.), Sept. 1887, 36 Alb. L. J. 357, 13 N. E. Rep. 10 ; De Moss* v. *Robinson, 46 Mich. 62 ; Harder* v. *Harder, 2 Sandf. Ch. 17 ; Bender* v. *Bender, 37 Pa. St. 419 ; Campbell* v. *Taul, 5 Yerg. 548.*—Rep.

and entered into his service and undertook the performance of the duties required by the agreement, and continued to do so in a satisfactory manner to Mr. Pultz until about the month of May, 1885. And it is also admitted that, at the last-named period, some difficulties arose between them, which were settled by Mr. Pultz taking his last will and testament, which he had previously executed, to a mutual friend, who explained its provisions to Mrs. Pflugar, and satisfied her that it was according to the promises of Mr. Pultz, as had been expressed in their agreement, and also that she was secure in her rights under the said will as it was drawn. And it is also admitted that thereafter she continued in the same service, without any great amount of dissatisfaction on the part of Mr. Pultz, until the month of June, 1886, when difficulties arose between them, and he left the house in which they were living, and the one which they contemplated should be devised to Mrs. Pflugar, and went to board with a Mr. and Mrs. M.; and that afterwards, on the 26th of July, he made and delivered a deed of conveyance of the said house and lot to the said Mrs. M., taking from her a bond conditioned that she should provide for him during his natural life; and from that time he continued to board with the said Mrs. M., but slept in the house so conveyed to her, which house was all the while occupied by Mrs. Pflugar, the complainant.

The defence is that Mrs. Pflugar is not entitled to any relief, because she violated the contract under which she claims, and also because she gave notice to Mr. Pultz that she intended to leave his service, which notice, it is alleged, he acted upon, and made provision, accordingly, for his own wants and comfort. The allegation respecting such notice rests upon the testimony of Mr. Pultz alone. Mrs. Pflugar swears that she gave no such notice, but frankly admits that she said to him that there were two other places where she could find employment, and that was all she ever said upon the subject. This is all the proof, and Mr. Pultz has nothing else to support his attempt to get rid of his obligation. He admitted that he went at once to Mrs. M., and that Mrs. Pflugar remained in possession of the house, and continued there until he made the deed to Mrs. M., and has re-

mained there ever since. He produces no other proof that she ever signified her intention to abandon her contract. But it is said, however, that she did not faithfully perform the contract; that she did not always provide for him and attend to his wants and necessities as she should have done. While there may be some slight evidence in support of this, Mrs. Pflugar is very emphatic to the contrary, and she is supported by the unequivocal admissions of Mr. Pultz made to others, and by the clear and distinct statement from others of what they saw when they had opportunity to make observations respecting her housekeeping and her treatment of the defendant. I must, therefore, conclude that the defence, in these particulars, fails.

The only question remaining is, whether or not the complainant can have relief under the circumstances? Is such an agreement, resting in parol, binding, when the promisee has honestly and faithfully entered upon the performance of it, and for years abided by its provisions? I conclude that the true meaning and spirit of the authorities sustain such an agreement. *Updike* v. *Ten Broeck, 3 Vr. 105; Kent* v. *Kent, 62 N. Y. 560; Peters* v. *Westborough, 19 Pick. 364; Ridley* v. *Ridley, 34 Beav. 478; Bell* v. *Hewitt, 24 Ind. 280.*

It is yet to be considered whether such an agreement, independently of the question whether it must be in writing or not, can be enforced. And I conclude that all of the authorities in this country hold the affirmative. *Davison* v. *Davison, 2 Beas. 246; Johnson* v. *Hubbell, 2 Stock. 332; Van Dyne* v. *Vreeland, 3 Stock. 370; S. C., 1 Beas. 142; Parsell* v. *Stryker, 41 N. Y. 480; Jenkins* v. *Stetson, 9 Allen 128.*

The complainant is entitled to the relief prayed for.