## SUPERIOR COURT OF BUFFALO — GENERAL TERM, JANUARY, 1895.

LAWRENCE GREENE, Respondent, *v.* THE NORTHERN STEAM-SHIP Co., Appellant.

APPEAL from a judgment entered upon the verdict of a jury, and from an order denying defendant's motion for a new trial made upon the minutes of the court.

*E. C. Robbins,* for appellant.

*John Laughlin,* for respondent.

Judgment affirmed, with costs.

HATCH, J. (dissenting). The contract sued upon might have been performed within one year from the time it was made; consequently the Statute of Frauds is not available to defeat plaintiff's right to recover. *Lockwood* v. *Barnes,* 3 Hill, 128 ; *Kent* v. *Kent,* 62 N. Y. 560–564.

But I think the plaintiff must fail from insufficiency of proof to establish his case. The establishment of the contract rests upon plaintiff's testimony alone, without the slightest corroboration either of statement or circumstance. The defendant met the testimony of plaintiff by an entire denial through its agent, with whom the contract was claimed by plaintiff to have been made. Plaintiff was also contradicted by other witnesses respecting some circumstances connected with his own conduct regarding the business which he had contracted, as he claims, to perform. The record does not show any fact or circumstance which tends to discredit defendant's testimony. And the same is true of plaintiff, except in so far as he was contradicted by witnesses respecting his acts after it is claimed the contract was made. The burden of proof to establish his cause of action rested upon plaintiff, and it cannot be said to have been so established when his statement is met by a denial as broad as the claim, and there is nothing to discredit the statement of either party, except the differences between them. *Syms* v. *Vyse,* 2 N. Y. St. Repr. 106 ; approved in *Smith* v. *Gunn,* 35 id. 429.

The rule is recognized that very slight circumstances tend-

ing to corroboration of plaintiff or to the discredit of his opponent carries the case to the jury. But in this case nothing of the kind appears, and so far as the discredit went, it was against plaintiff. I, therefore, reach the conclusion that the judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

Titus, Ch. J., not sitting.
Judgment affirmed, with costs.