### STEWART v. McKEON*
(No. 1305; Feb. 10, 1927; 252 Pac. 1024.)

FRAUDS, STATUTE OF—REMOVAL OF AGREEMENT FROM STATUTE BY PERFORMANCE — CONTRACTS — AGREEMENTS IN ''RESTRAINT OF TRADE.''

1. Verbal agreement between dance hall conductor and another, former to pay $200 a month to latter so long as he secured discontinuance of dancing at competing hall, such agreement not to exceed three years, *held* not within statute of frauds, Comp. St. 1920, § 4719, as to agreements not to be performed within one year, since it only fixed maximum time limit and did not require more than year for performance.

2. Where, under verbal agreement not to exceed three years, dance hall conductor agreed to pay monthly consideration to second party so long as he secured discontinuance of dancing at competing hall, and second party actually did secure discontinuance for 16 months, although conductor paid nothing, second party completely performed his part of agreement, which removed it from operation of statute of frauds, Comp. St. 1920, § 4719, relating to contracts to be performed within one year.

3. Agreement not to exceed three years, whereby dance hall conductor agreed to pay monthly consideration to the other party so long as he secured discontinuance of dancing at competing hall, is not illegal as in ''restraint of trade'' and competition.

*See Headnotes: (1) 27 CJ p. 178 n. 97. (2) 27 CJ p. 356 n. 15. (3) 13 CJ p. 472 n. 57.

Appeal from District Court, Natrona County.

Action by A. H. Stewart against T. J. McKeon. From a judgment for defendant, plaintiff appeals.

*Henry E. Perkins* and *George W. Ferguson*, for appellant.

At the beginning of the trial, defendant objected to the introduction of evidence, and ruling thereon was reserved; the objection was renewed at the conclusion of plaintiff's case in chief, in the form of a motion to dismiss; the objection and motion was based on the ground that the contract was void under the statute of frauds; 4719 C. S. The evidence shows that the contract was fully performed by plaintiff within one year from the date it was made; it could have been fully performed by both parties within one year, and was not therefore within the statute; at any rate, performance removed the agreement from the statute; 27 C. J. 323, and cases; 20 Cyc. 295; 25 R. C. L. 454-455; Lowman v. Sheets, (Ind.) 24 N. E. 351; Aiken v. Nogle, (Kan.) 27 P. 825; In re Lumber Co., 92 Fed. 585; Hellings v. Wright, (Calif.) 156 P. 365; Franks v. Reeder, (Okla.) 223 P. 126; Dant v. Head, (Ky.) 13 S. W. 1073. The agreement could have been terminated within one month after it was made; it was not within the statute; 2 Elliott Contracts, 1277; 25 R. C. L. 28; 1916 E. Ann. Cas. 1138, and note; 27 C. J. 188; Warner v. Ry. Co., 41 L Ed. 495.

*Nichols & Stirrett,* for respondent.

The agreement in controversy was that appellant should keep a competing dance hall closed for three years; it was therefore impossible of performance within one year; we accept appellant's citation, Warner v. Ry. Co., 41 L. Ed. 495 and footnotes, which we believe sustains our position; the agreement was one in restraint of trade and not enforceable; 19 R. C. L. 36. It was against public policy; 6 R. C. L. 712, 786; Holland v. Sheehan, 23 L. R. A. (N. S.) 510; Brooks v. Cooper, 35 A. S. R. 800. Contracts, contrary to public policy, are illegal; Kennedy v. Lonabaugh, 19 Wyo. 352.

*Henry E. Perkins* and *George W. Ferguson,* for appellant.

Cases cited by respondent may be readily distinguished from the facts in the case at bar; this agreement was not for three years, but was a terminable agreement that might continue not to exceed three years; the presumption is in favor of its validity; 2 Elliott Contracts, 1277; 25 R. C. L. 463. The rule against trade restrictions is subject to numerous qualifications; 6 R. C. L. 808; Hitchcock v. Anthony, 83 Fed. 779; Oregon Co. v. Winsor, 22 L. Ed. 315. Restrictions upon public dance halls violate no rule of public policy; indeed, it is a serious question whether they should be permitted at all.

BURGESS, District Judge.

In his petition filed in the District Court of Natrona County, A. H. Stewart alleged that a verbal agreement was made and entered into by and between him and T. J. McKeon, who was conducting a dance hall in Casper, by the terms of which McKeon promised and agreed that, if Stewart would bring about the discontinuance of dancing at a competing dance hall known as the Moose Hall, he, McKeon, would pay Stewart the sum of $200 per month, as long as it was kept closed for dancing, but not

to exceed three years; that he, Stewart, duly performed his part of the agreement, and brought about a discontinuance of dancing in the Moose Hall; that there has been no dancing therein for sixteen months and that there was due him from McKeon, by reason of said agreement, $3200, which McKeon refuses to pay.

The evidence on behalf of the plaintiff at the trial supported we believe, the allegations of the petition, but upon the conclusion of the plaintiff's case, the court, upon the motion of the defendant, dismissed the action on the ground that the verbal agreement relied upon was within section 4719, W. C. S. 1920, which provides that ''every agreement that by its terms is not to be performed within one year from the making thereof shall be void unless such agreement, or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith.''

Only those verbal agreements which by their terms are not to be performed within one year are void, while those which may be performed within the year are valid. Paige on Contracts, vol. 2, sec. 1292; 27 C. J. 178.

The obligations of the agreement here in question were, on the part of Stewart to bring about a discontinuance of dancing at the Moose Hall, and on the part of McKeon to pay $200 a month as long as it was kept closed for dancing, not to exceed three years. It can not be said that Stewart's obligation was within the statute. The agreement did not require him to keep the hall closed for dancing for three years, or for any length of time. The doubt arises only as to McKeon's undertaking. He was to pay the $200 a month only so long as there was to be no dancing in the Moose Hall not to exceed three years. He was not required to pay the $200 per month for one year, three years or for any definite period of time, except three years were fixed as the maximum limit, if dancing in the hall should cease so long.

Now if dancing were resumed in the hall within a year, and it might have been, and no one of the parties undertook that it should not be resumed within that time, the agreement would have been fully performed. In other words, his performance was terminable on a contingency, namely the resumption of dancing, which under the agreement might happen within a year. "If the agreement may consistently with its terms be entirely performed within the year, although it may not be probable, or expected that it will be performed within that time, it is not within the condemnation of the statute." Kent v. Kent, 62 N. Y. 560, 20 Am. Rep. 502.

It is true, of course, that if there were no dancing in the hall for three years, it would take three years for the agreement to be fully performed, but the statute does not void verbal agreements which *may* take more than a year for their performance, but only those which by their terms *require* more than a year for their performance.

As there might have been, within a year of its making, and consistently with its terms, a full performance of the agreement in question, we hold it is not within the statute.

In Roberts v. The Rockbottom Co., 7 Metc. (Mass.) 46, the verbal agreement was that R. should labor for his company for five years, or so long as L. should continue as the company's agent. "The legal effect," says the court, "is the same as if it were expressed as an agreement to serve the company as long as L. should continue to be their agent, not exceeding five years." Held, the contract might end within the year by L. quitting the agency, and so is not within the statute.

There is a long line of well considered cases holding that a complete performance by one of the parties to a verbal agreement removes it from the operation of the statute of frauds relating to contracts to be performed within one year. 27 C. J. 356.

Stewart had completely performed his part of the agreement, and, under the holdings in these cases, the statute would not be a defense.

The learned counsel for McKeon has in this court, both in his brief and by his oral argument, raised the question as to whether the agreement in question is in restraint of trade and competition and therefore illegal. We fail, however, to perceive any merit in this contention.

The judgment of the District Court of Natrona County must be reversed and the case remanded for new trial or further proceedings not inconsistent with this opinion.

*Reversed and Remanded.*

POTTER, J., and BROWN, District Judge, concur.