FRANK GALLAGHER and Another, Respondents, v. FINCH, PRUYN & COMPANY, INC., Appellant.

Third Department, January 7, 1925.

Contracts — action for breach of contract whereby plaintiffs were to cut and deliver timber to defendant — motion to dismiss complaint on ground that contract was not to be performed within one year and for misjoinder of causes — contract not invalid — causes not misjoined.

A complaint in an action to recover damages for a breach of a contract, under which the plaintiffs were to cut certain trees on a portion of defendant's woodland and convert the logs into timber and deliver the same to the defendant, is not insufficient on the ground that the contract was void under the Statute of Frauds because by its terms it was not to be performed within one year, since it appears that while the plaintiffs had more than one year in which to perform the contract, the contract by its terms did not prevent performance within one year.

The defendant's motion to dismiss the complaint on the ground of misjoinder of causes of action in that the two causes of action alleged were inconsistent, one being on the theory that the contract was valid under the Statute of Frauds and the other being on the theory that the contract was void under the Statute of Frauds, was properly denied, since the particular defect pointed out as required by sections 278 and 280 of the Civil Practice Act is untenable, for the Statute of Frauds has no application to the contract.

APPEAL by the defendant, Finch, Pruyn & Company, Inc., from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Warren on the 25th day of September, 1924, denying the defendant's motion to dismiss the amended complaint.

*George N. Ostrander,* for the appellant.

*Chambers & Finn* [*Walter A. Chambers* of counsel], for the respondents.

COCHRANE, P. J.:

The amended complaint contains two causes of action. The first cause of action is that the parties entered into a written contract, a copy of which is attached to and made part of the complaint, whereby the plaintiffs were to cut certain trees on a portion of the defendant's woodland and convert the logs into timber and deliver the same and to be paid therefor a certain price by the defendant; that the plaintiffs entered upon this contract and performed it partly when they were prevented from its completion by the defendant and for this breach damages are demanded. It is alleged in this first cause of action that the timber land in question was indicated on a diagram which was annexed to a copy of the contract in the possession of the defendant but which was not attached to the copy kept by the plaintiffs and that it was understood between the parties that the diagram attached to defendant's copy should be sufficient.

The second cause of action is the same as the first except that it is alleged that the parties waived the provision as to the diagram and agreed that no diagram was needed and that the defendant would have the land in question surveyed and located and would point out the same to the plaintiffs.

The motion for judgment was made on two grounds. First, that the amended complaint does not nor does either cause of action therein state facts sufficient to constitute a cause of action. This ground of the motion is on the assumption that the contract was void under the Statute of Frauds because by its terms it was not to be performed within one year. Such, however, is not the case. The contract was dated October 18, 1920, and the only provision as to the time of performance is in the following paragraph: " The Contractors shall put up and deliver all of the logs and wood covered by this contract which they can by April 1st, 1921, and the remainder thereof, should any logs and wood be left remaining in the woods after April 1st, 1921, on or before April 1st, 1922." Clearly by this provision the plaintiffs had more than one year at their option to perform the contract but the contract

by its terms did not prevent performance within one year and, therefore, is not within the Statute of Frauds. (See Pers. Prop. Law, § 31, subd. 1.)

The second ground of motion is also untenable. It is that the causes of action have been improperly united because they are inconsistent with each other and the inconsistency is stated in the notice of motion to be that the first cause of action is based on a contract in writing " valid on its face under the Statute of Frauds " and that the second cause of action is based on a contract " void upon its face under the Statute of Frauds." Sections 278 and 280 of the Civil Practice Act require that an objection " that causes of action have been improperly united " must in the notice of motion " point out specifically the particular defect relied upon." The particular defect specified in the notice of motion is clearly untenable because the Statute of Frauds has nothing to do with the case. Under the notice of motion we are not at liberty to consider any other reason if any there be why the causes of action are improperly united.

The order should be affirmed, with ten dollars costs and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.