IMOGENE B. SHERRILL, Plaintiff, v. HENRY ADSIT BULL, Defendant.

Supreme Court, Erie County, May 27, 1927.

Frauds, Statute of — agreements not to be performed within one year — oral contract provided defendant should not be required to pay before one year or at that time if action questioning title should be pending — contract does not prevent performance within one year.

An oral agreement providing that the defendant " should not be required to pay the plaintiff any sum of money which might become owing under said contract

* * * before one year from the date thereof," or even then if an action questioning plaintiff's title should be pending, does not, by its terms, prevent performance within one year; therefore, said contract is not within the Statute of Frauds and a complaint alleging such a contract is not insufficient and should not be dismissed.

MOTION by defendant for judgment on the pleadings.

*Block & Williams,* for the plaintiff.

*Slee, O'Brian, Hellings & Ulsh,* for the defendant.

HORTON, J. The complaint in this action sets forth a contract between the parties, whereby it is alleged that the defendant agreed to account to the plaintiff for a share of the proceeds of the sale of certain real estate, and alleges the sale of the property in question and the failure to account after due demand therefor.

The alleged contract also provided " that the defendant should not be required to pay to the plaintiff any sum of money which might become owing under said contract * * * from the defendant to the plaintiff before one year from the date thereof, and if at that time any action should have been brought against the defendant * * * to require an accounting and payment over of the interest [of plaintiff's husband who was defendant's predecessor in title] * * * on the grounds of the insufficiency of the * * * title, or otherwise, then the defendant should not be required to make any further payment to the plaintiff until after the final termination or settlement of such action," and might deduct the expense of defending or settling same.

The defendant moves for judgment on the pleadings dismissing the complaint on the ground that the alleged contract is one which by its terms is not to be performed within one year from the making thereof, and is, therefore, void under the Statute of Frauds, because it was not in writing.

While the court is not free from doubt as to this, it inclines to the view that the contract in question is not within the statute because it is not a contract which, by its terms, cannot be performed within one year from the making. There are many authorities to the effect that " if the agreement may consistently with its terms be entirely performed within the year, although it may not be probable or expected that it will be performed within that time, it is not within the condemnation of the statute." (See *Kent* v. *Kent,* 62 N. Y. 560, 564; *Ward* v. *Hasbrouck,* 169 id. 407, 419.)

So, a contract to build a house within fifteen months was held not within the statute in *Plimpton* v. *Curtiss* (15 Wend. 336); and a parol contract, made in October, 1876, to teach for the year ending October 1, 1877, and for another year at the same salary

beginning on the last date; if no notice should be given by either party at least two weeks prior to that date that the services should then cease, was held valid under the statute in *Smith* v. *Conlin* (19 Hun, 234), the court saying: " The contract might have been performed within the year by the giving of the notice; and this fact, according to the authorities, takes the case out of the statute; " and in *Gallagher* v. *Finch, Pruyn & Co., Inc.* (211 App. Div. 635) the court said of a written contract for the cutting of logs: " The contract by its terms did not prevent performance within one year and, therefore, is not within the Statute of Frauds." (See, also, *Fairchild* v. *City & County Contract Co.*, 153 App. Div. 277; *McPherson* v. *Cox*, 96 U. S. 404; *Railway Co.* v. *Whitley*, 54 Ark. 199, 201; Wood Statute of Frauds, § 270.)

While the contract here provided that the defendant should not be required to pay before one year, or even then if an action questioning his title should be pending at that time, it did not by its terms prevent performance within one year and was, therefore, not within the statute.

The court has considered very carefully the different points urged by the defendant's counsel, particularly the argument based upon the rule that where the improbability of performance is so great or of such a character as to show unmistakably that the parties intended the agreement to last more than one year, but the court believes that the authorities above cited are controlling, and that the motion to dismiss the complaint should be denied.

Motion denied.