In the Matter of ELEANOR R. DUSHANE, Petitioner, against MARY J. KAZMIERCZAK et al., Constituting the Board of Education of the City of Buffalo, Respondents.

Supreme Court, Special Term, Erie County, May 20, 1948.

24

*David Diamond* for petitioner.

*Fred C. Maloney, Corporation Counsel (Gerald J. Shields* of counsel), for respondents.

HALPERN, J. This is a proceeding brought by the petitioner for restoration to her position as a high school teacher in the public school system of the city of Buffalo, together with back pay from November 25, 1947.

The petition alleges that the petitioner was duly employed in the teaching service of the East High School, a high school in the city of Buffalo, and that she was the holder of a permanent certificate to teach. This is admitted in the answer. It is further alleged, without controversy, that on or about November 20, 1947, the respondent Board of Education adopted the following resolution:

"While I, personally, do not wholly and completely agree with some of the conclusions contained in Dr. Bapst's report which, in part, seem to relieve the teacher of culpability, I — nonetheless — agree with the solution as recommended by the Doctor, and —

"I, therefore, move the approval of Dr. Bapst's recommendation as submitted in this report, and further move that the Secretary of this Board be directed to notify the teacher involved, in writing, to accept either of the following alternatives:

"(a) Immediately upon receipt of such notice, to apply for and take a sick leave for the remainder of the year, with all the benefits accruing to her, or that —

"(b) She immediately and forthwith submit to a medical examination in accordance with Section 312–b of the Education Law of the State of New York, such examination to be conducted by a doctor or doctors nominated by this Board, and in the event she elects to take the latter alternative, that

further action by this Board await submission of a medical report of the said doctor or doctors.''

In accordance with this resolution, a letter was sent to the petitioner quoting the resolution and concluding as follows: ''* * * you are therefore requested to apply for and take a sick leave for the remainder of the year, such application to be filed with this office by twelve o'clock noon Eastern Standard Time on November 25, 1947, or if you elect to submit to a medical examination in lieu of the first alternative, you are requested to notify this office of such election on or before twelve o'clock noon Eastern Standard Time on November 25, 1947, and you will then be notified of the time, date and place where such examination shall take place.''

On November 25, 1947, the petitioner wrote to the board of education in part as follows:

'' I have received your letter setting forth the ultimatum of the Board of Education, dated November 20th, 1947, which followed board action taken without any charges filed or notice given to me, without any opportunity afforded to me to say a word in my own defense and in total disregard of my tenure rights as a public school teacher * * *.

'' As a teacher, I do not now have the means to embark on a long and expensive legal battle against the superior resources of the board, although my attorney has advised me that I would ultimately be successful.

'' I, therefore, am compelled by the board hereby to apply for 'sick leave' although I am not sick. The order of the board is complied with under protest, without in any manner admitting its validity in law or in fact and without waiving any of my legal rights.''

Treating this letter as an application for sick leave, the board on November 26, 1947, adopted a resolution reading as follows: '' Mr. President, in compliance with Miss Dushane's request for a leave of absence, I move that we grant her a leave to the end of the school year, 1947–48, and give her the right to draw on all her accumulated sick leave.''

Pursuant to this resolution, petitioner has been on leave of absence since November 26, 1947, and has received the reduced compensation payable under the sick leave rules of the board of education.

Within four months after the adoption of the above resolutions, the petitioner brought this proceeding.

It may be noted at the outset that the reference to section 312–b of the Education Law in the resolution of November 20, 1947, was doubly erroneous. First of all, section 312–b, which became section 3013 in the 1947 revision of the Education Law, deals only with certain rural school districts. The board apparently intended to refer to section 2523 of the Education Law, formerly section 872, which deals with tenure rights and the procedure for the removal of teachers upon charges in city school systems. Secondly, the statement in the resolution that the physical examination was to be held " in accordance with section 312–b " was erroneous because neither this section nor section 2523 contains any provision with respect to a physical examination.

Upon the oral argument, the counsel for the board stated that no charges of any kind were being made against the petitioner and that no question was raised as to her competency and efficiency. The merits of the controversy between the parties which preceded the adoption of the resolution are in no way before the court in this proceeding. The only questions before the court are the validity and legal effect of the board's resolution and of the action taken pursuant thereto.

The position taken by the board of education in this proceeding is an extraordinary one. The board has made no attempt to justify the direction to the petitioner to choose between applying for sick leave and submitting to a physical examination. The board not only concedes, but asserts, that it had no power to compel the petitioner to take sick leave and that it had no power to compel her to submit to a physical examination. The board's sole defense is that the resolution of November 20, 1947, did not constitute an order of any kind, but was merely " an invitation " to the petitioner to take one of the courses outlined in the resolution.

It may be noted in this connection that, according to the statement made upon the oral argument, the board adopted the resolution without obtaining the advice of the corporation counsel. Its present position apparently reflects the advice received from the corporation counsel.

The resolution is unusual, both in form and in substance, and it is difficult to determine its precise legal effect but it is clear that the board's contention that the resolution was a mere invitation must be rejected. The resolution was obviously more than an invitation. It was an order, directed to the petitioner, giving her **a choice** between two alternatives, but

absolutely requiring her to take one of them. It is apparent from the whole resolution that the result which the board desired to accomplish was to have the petitioner relieved from active teaching duty on the ground of ill-health for the remainder of the school year In order to attain this objective, the board placed before the petitioner two courses of conduct and directed her to adopt one or the other. The first was the simplest and easiest way of obtaining the desired result, namely, the taking of sick leave by the petitioner with the right to draw upon her accumulated sick leave credit. The board then added, in the second branch of the resolution, a peremptory direction to the petitioner that she submit to a physical examination, if she refused to apply for sick leave under the first branch.

As has been noted above, it is now conceded by the board that, if the resolution is regarded as an order, it must be held to be invalid. It is conceded that the board had no right to order the petitioner to make a choice between the alternative courses of conduct. The board admits that she could not lawfully have been compelled to apply for a sick leave under the first branch of the resolution. As to the second branch of the resolution, the board calls attention to the case of *Matter of Board of Education of City of N. Y.* v. *Cole* (261 App. Div. 1115) holding that a board may not require a teacher to submit to a physical examination, except in the instances expressly provided by statute or by reasonable regulations. In the case of *People ex rel. Patterson* v. *Board of Education* (295 N. Y. 313) the Court of Appeals pointed out that the board of education may require a teacher to submit to a physical examination in connection with formal charges of physical unfitness to teach, but no such charges have been placed against the petitioner. It must therefore be concluded that the board's present position is correct and that the direction to the petitioner that she submit to a physical examination was illegal.

The board argues that, because the direction was clearly beyond the board's power, the resolution could not have been intended as an order and should be construed as a mere request or invitation. This is obviously unsound. The resolution was in terms an order, and it was not converted into a mere invitation by reason of its illegality. The resolution was intended to have the compulsive effect of an order addressed by the board to one of its subordinates and it is apparent from the petitioner's subsequent conduct that the resolution had the desired effect.

There can be no doubt that the petitioner interpreted the board's resolution as an order and acted on the basis of that interpretation. Under the circumstances, the petitioner's action was not voluntary. It was taken in an effort to comply with what purported to be an order of the board.

The resolution adopted by the board was peremptory in its terms and this carried with it an implied representation by the board that it had the power to enforce its wishes, at least by compelling the petitioner to submit to the second alternative, if she did not give her consent to the first. This implied representation is now conceded to have been erroneous. The board by its action created the erroneous impression in the mind of the petitioner that she had to take one of the alternatives put to her.

It is apparent from the letter written by the petitioner that she acted under that erroneous impression. Throughout the letter, she refers to the fact that she is being compelled to take the action. It is no answer for the board now to say that the petitioner should have known better or should have been advised by her counsel that she did not have to take either of the alternatives. In view of the relationship between the parties, the petitioner had the right to rely upon the board's representation (cf. Restatement, Law of Restitution, § 55; Civ. Prac. Act, § 112-f). If it was the board's position that the petitioner was under no compulsion by reason of the resolution, it should have promptly replied to that effect upon receipt of the petitioner's letter and it should have informed her that the resolution merely constituted an invitation. It should have requested the petitioner to advise the board whether in the light of that clarification of the resolution, she wished of her own free will to elect to take a sick leave. It is clear beyond question that if the matter had been put to the petitioner in the way in which the board now puts it in this proceeding, the petitioner would not have applied for sick leave.

Under all the circumstances, it seems clear to me that the petitioner is entitled to be restored to active duty.

I wish to emphasize again that, in this proceeding, I am not passing upon the question of whether the petitioner is sick or well, competent or incompetent. If the board wishes to pursue that inquiry it is free to do so at any time, by proceeding in accordance with the statute and filing charges and holding a hearing thereon (Education Law, § 2523). The statute provides adequate procedure by which allegations of physical or mental disability, unsatisfactory service or improper conduct may be

inquired into. All that is decided in this proceeding is that the sick leave application was improperly obtained and that the petitioner's suspension from active duty may not properly be based upon that application.

The remaining question is whether back pay should be allowed to the petitioner upon her restoration to duty.

Section 23 of the Civil Service Law provides, in part, as follows: " Any officer or employee who shall have been, or may hereafter be removed from any position held by him by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof in contravention or violation of any provision of this chapter and who shall have been restored to such position or employment by order of the supreme court, shall be entitled to receive and shall receive from said state or the city, county, town or village thereof under which said position or employment was held by him, the same compensation therefor from the date of such unlawful removal, less the amount of compensation received from any other employment or occupation during the period beginning with such date, to the date of his said restoration to said position or employment which he would have been entitled by law to have received in such position or employment but for such unlawful removal ". While this section is not, in terms, applicable to the present case, it supports the view that back pay should be allowed.

The right to back pay follows from the conclusion which I have reached on the main issue in the case. The sick leave was brought about by means of an illegal order and it should be annulled *ab initio*. The petitioner should be restored to duty as of November 26, 1947, and should be paid her full compensation from that date, less the sick leave payments heretofore received.

In its brief, the board suggests that an immediate restoration of the petitioner to active duty may be unwise, in view of the short time now remaining in the school year. The nature of the duties to be assigned to the petitioner, of course, rests in the discretion of the board and it may be assumed that the board will make such assignment as will avoid disruption of the school work.

It is accordingly directed that the petitioner be restored to active duty, that her full compensation to date be paid after deducting the sick leave payments heretofore received by her and that the accumulated sick leave be restored to her credit.

Submit order accordingly.