In the Matter of ELEANOR CORDON, an Incompetent. FRANCES L. BODAMER, as Executrix of HAROLD L. BODAMER, Deceased, et al., Appellants; EDNA E. WOLFE, as Administratrix C. T. A. of ELEANOR CORDON, Deceased Incompetent, et al., Respondents.— Judgment insofar as appealed from reversed on the law, with costs to abide the event, and matter remitted to the Official Referee for further proceedings in accordance with the memorandum. Memorandum: The learned Official Referee did not pass upon the liability of the surety or the extent thereof. The record indicates that the parties were all in court and consented to the order of reference which by its terms submitted for determination among other things, " the amount of money or property with which the said Committee is chargeable, the amount for which the surety of the said Committee may be liable to pay to the said Edna Eagan Wolfe, Administratrix C. T. A., etc." While neither the administratrix *c. t. a.* of the incompetent nor the executrix of the estate of the deceased committee appears to question the amount of the surcharge as fixed in the judgment, nevertheless since there was not a complete determination of all the issues submitted, the judgment should be reversed and the matter remitted to the Official Referee to take such further proceedings as may be necessary for a determination of all the issues including the liability of the surety. All concur. (The portion of the judgment appealed from surcharges the committee of an incompetent and directs payment by the estate of the committee to the estate of the incompetent of the amount surcharged, and holds the casualty company liable for the amount to the limit of its bond.) Present — Taylor, P. J., McCurn, Larkin, Vaughan and Kimball, JJ.

MAX P. MALACHOWSKI, Respondent, v. EDWARD SMITH PACKING COMPANY, Appellant.— Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $5,000, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified, is affirmed, without costs of this appeal to either party. All concur. (The judgment is for plaintiff in an automobile negligence action.) Present — Taylor, P. J., McCurn, Larkin, Vaughan and Kimball, JJ.

In the Matter of the Accounting of CLIFFORD H. SEARL, as Executor of FREDERICK A. KAHLER, Deceased.— Decree, insofar as appealed from, affirmed, without costs of this appeal to any party. All concur. (The portion of the decree appealed from settles the accounts of the executor.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.

GOLDBLATT BROS., INC., Respondent, v. HUGH THOMPSON, Individually and as Regional Director, et al., Appellants.— Order affirmed, with $10 costs and disbursements. All concur. (The order grants a temporary injunction during a labor dispute at plaintiff's store in Buffalo.) Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ.

In the Matter of ELEANOR R. DUSHANE, Respondent, against MARY J. KAZMIERCZAK et al., Constituting the Board of Education of the City of Buffalo, Appellants.— Final order affirmed, with costs. All concur. (The final order grants petitioner's application to compel defendant board to restore her to her position as a high school teacher in Buffalo.) Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ. [192 Misc. 23.]