In the Matter of DAVID TEPLITSKY, Appellant, against CITY OF NEW YORK et al., Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act, to annul an order of the commissioner of the department of hospitals of the City of New York terminating petitioner's appointment as a member of the visiting staff of Kings County Hospital, and to declare that, as against said department, petitioner is entitled to retain certain funds he collected from

the State Insurance Fund for transfusions and infusions made by internes (paid employees of the hospital) under his direction and supervision. Petitioner appeals from an order striking out certain paragraphs of the petition and from an order dismissing the petition. Order striking out certain paragraphs of the petition modified by striking from the first ordering paragraph the words "in all respects" and by substituting therefor the words "as follows", and by striking from the second ordering paragraph the figure "17". As so modified, order affirmed, without costs. On this record the court is unable to say whether or not the allegations contained in paragraph "17" are pertinent to appellant's claim. Order dismissing the petition reversed on the law, without costs, and matter remitted to the Special Term for further proceedings not inconsistent herewith, with leave to respondents to serve an answer or to move with respect to the petition, as they may be advised, within ten days after the entry of the order hereon. It was premature for the Special Term to have disposed of the petition. The parties had stipulated that respondents' time to answer was to be extended until five days after the entry of the order on the motion to strike out certain paragraphs of the petition. Accordingly, they served and filed no answer. Neither did they move to dismiss the petition. In the circumstances, the dismissal of the petition by the Special Term at the same time it decided the motion to strike out was improper. (Civ. Prac. Act, § 1293.) Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.