Michael Catalano, J.
The petitioner moves under article 78 of the Civil Practice Act, for “ an order compelling the above-named respondents to reinstate petitioner to his position as a Police Patrolman, Department of Police, Town of Hamburg, New York, with full pay ”.
The petition, alleges, that on July 15, 1953 petitioner was permanently appointed to the position of patrolman in said department and served to August 11,1958, being an army veteran of World War II, having received $5,000 per year; that during petitioner’s service, the Police Chief was Floyd W. Barnes, who resigned in May, 1959; that Chief Barnes and petitioner ‘ ‘ were frequently involved in differences which arose as the result of the former’s insistence that petitioner falsify accident reports ” which petitioner refused to do; that Chief Barnes repeatedly attempted to force petitioner to resign; that on February 19, 1958 petitioner requested State Commissioner of Investigation, Arthur L. Reuter, to investigate “ certain activities being then and there going on in the Town of Hamburg Police Department with special reference to the aforesaid Floyd W. Barnes; ” that said Barnes threatened that petitioner “would not only lose his job, but also his life; ” that on August 11, 1958 petitioner and one Lawrence Howie were drinking together when at 3:00 a.m. ‘ ‘ while outside the Hotel Hamburg and on Main Street in the Village of Hamburg your petitioner engaged in fisticuffs with the said Mr. Howie over an ■ argument which started by an accusation of Mr. Howie at your petitioner while serving as a Patrolman was instrumental in arresting Mr. Howie while he was acting as a bar-tender at his mother’s tavern located on South Buffalo Street, Hamburg, New York; ’ ’ that said Lawrence Howie charged petitioner “with the commission of the crime of disorderly conduct under Section 722 of the Penal Law”, that under threat of conviction of said crime, Chief Barnes forced petitioner to execute “ a letter of resignation to the Town Board and under Barnes’ direction to mail said resignation to himself personally; ” that on September 11, 1958, petitioner wrote a letter to “ Judge Gutman ” counsel to former Governor Averell Harriman concerning said Barnes; that the acts of “ former Police Chief Floyd W. Barnes were illegal ” arbitrary, capricious, in that petitioner never had a hearing on formal charges; that on June 1, 1959 petitioner requested reinstatement as patrolman in the said police force by letter to the “ Hamburg Town Board,” stating: “As you all no doubt *897 remember, I tendered my resignation to your Board on August 11, 1958, as a Patrolman on the Hamburg Town Police Force, which was accepted.
‘1 The reasons for this resignation were of a personal nature that made it impossible for me to adequately carry out my duties as a Patrolman. Since that time the conditions causing by resignation have changed and I am now confident that I can more fully perform the duties of this position. In view of the foregoing, I now, herewith, submit my application for re-instatement to the position of Patrolman on the Hamburg Town Police Force, and it is my sincere hope that you will accord this petition every favorable consideration for re-instatement as of July 1, 1959; ” that on July 6, 1959 petitioner’s request for reinstatement was denied on the ground that no vacancy existed; ‘ ‘ that the only reason why he was denied reinstatement # * was that * * * certain members of the Department * * * took a vote and decided unknown to the Town Board that your petitioner should not come back to the said Department; ” “ that the three above paragraphs (relating to the June 1,1959 request for reinstatement, the July 6, 1959 denial, the vote of members of the Department) are extraneous to the matter involved here since your petitioner is claiming as a matter of fact he was dismissed and such knowledge was never brought to the attention of the members of the Town Board even to this late date.”
Respondents move to dismiss the petition as a matter of law.
A resignation constitutes a complete break in the public service, the absolute termination of employer-employee relations, leaving the parties without rights or duties; re-entry into the public service can only be accomplished by the voluntary appointment by the person having the appointing power. (Matter of Doering v. Hinrichs, 289 N. Y. 29, 33; Matter of Baumet v. Lyons, 272 App. Div. 1095.)
Here, the petitioner resigned as far as the respondents are concerned. At no time did the respondents know otherwise until this proceeding was instituted.
Nevertheless, the petitioner claims that his resignation was in fact a dismissal. Assuming such dismissal, the petitioner is faced with a burden of proceeding in a timely manner against the wrongdoer.
The petitioner must first present a verified petition, containing a plain and concise statement of the material facts, demanding appropriate relief. (Civ. Prac. Act, § 1288.) Where he seeks to compel performance of a duty specifically enjoined by law (former mandamus), he must allege that respondent owes him a clear legal duty, a breach of that duty, injury resulting *898 to the petitioner, a demand by the petitioner that respondent perform that duty, a refusal by the respondent to act, due performance by the petitioner of all conditions precedent to asserting his right. (See Matter of Burr v. Voorhis, 229 N. Y. 382, 387; Matter of 609 Holding Corp. v. Burke, 202 Misc. 709, affd. 281 App. Div. 678.) '
Such a proceeding must be instituted within four months after the respondent’s refusal, upon the demand of the petitioner to perform his duty. (Civ. Prac. Act, § 1286.) Petitioner may not sleep on his rights for a long period of time, then endeavor to revive his right to be reinstated to a position in the public service by making a demand for the first time, having full knowledge of all the facts during the delay, for he is thus guilty of laches. (Matter of Peruzzin v. Test, 282 App. Div. 550, 551 [4th Dept.]; Austin v. Board of Higher Educ., 5 N Y 2d 430, 442; Matter of Wilsey v. Johnson, 4 A D 2d 734; Matter of De Lack v. Greene, 170 Misc. 309, 312.)
In this case, the petitioner is guilty of laches, and is barred from proceeding herein as a matter of law. His alleged grievance occurred on August 11, 1958 when he resigned, although he called it a dismissal because of alleged wrongdoing of one Floyd W. Barnes, as Police Chief, but no alleged wrongdoing by the respondents who never even knew of Barnes’ activity no less participated in them. After waiting until June 11, 1959, the petitioner sought “ reinstatement as of July 1, 1959.” This was refused, but there is no alleged legal duty that the respondents had to “ reinstate” the petitioner. Finally, on October 27,1959, this proceeding was instituted, after waiting 10 months to make a demand which was promptly refused, and after waiting over 14 months altogether to sue.
In any event, the petitioner must come into court with clean hands; this he has failed to do. (People ex rel. Wood v. Board of Assessors, 137 N. Y. 201, 204.)
Section 155 of the Town Law, entitled ‘ ‘ Discipline and charges ”, provides, in part:
“No member of such [police] department who shall have been dismissed shall be reinstated unless he shall, within twelve months of his dismissal, file with such [town] board a written application for a rehearing of the charges upon which he was dismissed. Such board shall have the power to rehear such charges and, in its discretion, may reinstate a member of the force after he has filed written application therefor.”
Here, assuming the petitioner’s letter of June 11, 1959 was, in effect, a written application for a rehearing, no charges were stated by the petitioner, no grounds for calling his £ 1 resigna *899 tí on ” a u dismissal ” then as he does now. He deliberately waited to notify the respondents of the alleged grounds until he served his petition on respondents on October 27, 1959, or 14 months after his so-called “ dismissal.” Again he is barred under this theory of grievance.
Section 155 of the Town Law, also provides:
“ The conviction of a member of such police department by the town board shall be subject to review by certiorari to the supreme court in the judicial district in which such town is located, provided that application therefor be made within thirty days from the determination of such conviction by the town hoard.”
Assuming, as petitioner states, that his ‘1 resignation ’ ’ of August 11, 1958 was a “ dismissal ” when accepted by the respondents on said date, the petitioner did not make timely application for review in this court because he waited 14 months. Assuming, as petitioner expressly denies, that Ms letter of June 11, 1959 was request for a hearing which resulted in petitioner’s “ conviction ” of charges by the respondents on July 6, 1959 when they refused to reinstate him, thereafter the petitioner waited until October 27,1959 to institute this proceeding, or 3 months and 3 weeks later, thus, again he is barred under this theory.
Drawing all reasonable inferences from the allegations in the petition, considering all the possible theories of grievance against these respondents, the petition fails to assert any legal complaint against them, in form or substance.
It may be that the petitioner has a grievance, legal or otherwise, against the said Floyd W. Barnes, but nowhere is it even hinted that Barnes was acting for, with or on behalf of the respondents, whose innocence has been repeatedly avowed in the moving papers. No wrongdoing whatsoever on the part of the respondents appears in this matter. Thus, they should prevail.
Petition dismissed, without costs.
Prepare and submit order accordingly.