■ In the Matter of RAYMOND P. HASSETT, Appellant, v. KENNETH J. BARNES et al., Constituting the Town Board of the Town of Hamburg, Respondents.— Order unanimously reversed, with $25 costs and disbursements, and motion denied, with $10 costs, and respondents granted leave to serve an answer to the petition within five days after service upon them of a copy of the order to be entered hereon. Memorandum: In this mandamus-type proceeding (Civ. Prac. Act, art. 78) which seeks an order reinstating petitioner to his position as a police patrolman, respondents, without answering, raised an objection by motion that the petition did not state a cause of action as a matter of law, in that it alleged that petitioner resigned from the police force and reinstatement was, therefore, discretionary with respondents. Special Term ordered that the petition be dismissed as a matter of law for the reason that it failed to assert any legal complaint against the respondents and on the further ground, stated in its opinion, of laches. Where, as here, an objection is raised in point of law, pursuant to section 1293 of the Civil Practice Act, the allegations of the petition must be assumed to be true and must be considered in their most favorable light in support of the petition. (*Matter of Grimm* v. *City of Buffalo*, 8 A D 2d 689; *Matter of Felice* v. *Swezey*, 278 App.

Div. 958; 22 Carmody-Wait, New York Practice, pp. 484–486, §§ 395–398.) When so viewed, the petition alleges that petitioner's removal from the position of police patrolman was obtained by threat and duress, and that his resignation was not voluntarily made. (*Toscano* v. *McGoldrick,* 300 N. Y. 156; *Matter of Dushane* v. *Kazmierczak,* 192 Misc. 23, affd. 274 App. Div. 1025.) Threat of criminal prosecution is alleged. Such a threat is duress (Penal Law, § 851, subd. 2) and a resignation obtained thereby is invalid. No question of laches was before the court. It was not at liberty to consider any grounds for dismissal of the petition, other than those specified in respondents' notice of motion. (Tripp, Guide to Motion Practice [rev. ed.], p. 12; *Gallagher* v. *Finch, Pruyn & Co.,* 211 App. Div. 635, 637; *Yager* v. *Yager,* 214 App. Div. 671; *Matter of Teplitsky* v. *City of New York,* 283 App. Div. 882, 883.) The motion to dismiss the petition should have been denied. (Appeal from order of Erie Special Term dismissing the petition as a matter of law.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ. [21 Misc 2d 895.]