Louis B. Heller, J.
Petitioner, a tenured teacher in the New York ¡City school system, in this article 78 proceeding seeks a judgment directing respondents to (1) restore her to active duty as a teacher, (2) adjust her salary so that she shall receive ‘1 monies lost by her as a result of the illegal placing of petitioner on an inactive status, without pay ”, and other related relief.
As stated by petitioner the questions here sought to be determined are: “ 1. Have petitioner’s rights as a tenured teacher been violated; and 2. Have respondents complied with the provisions of Section 106, Subdivision 7a of the by-laws ? ”
*319 In opposition, respondents claim, inter alia, that this proceeding is time-barred, since it was not commenced within four months after the determination became final and binding, as provided in CPLR 217 and that respondents’ action in placing petitioner on a leave of absence without pay was proper and pursuant to section 106-7a of the board’s by-laws.
The court notes that petitioner, in reducing the issues to a minimum, emphasizes the fact that the proceeding at bar “ does not involve the question of whether or not petitioner is ill; it does not involve the question of whether or not petitioner can function in the classroom; and it does not attack the legality of Section 106(7a) of the Board’s by-laws.” Thus, both parties it appears, bottom their positions on the last-mentioned statute. Petitioner claims the mandate was not complied with, therefore the respondents’ action was arbitrary, capricious and illegal. Respondents on the other hand assert the action taken herein was in accordance with the subject statute. It is therefore relevant to quote the pertinent provisions (board’s by-laws, § 106-7a): “A member of the teaching and supervisory staff who has exhausted the number of days accumulated to his credit for excuse of absence with pay, owing to personal illness, and who in the opinion of the Medical Bureau of the Board of Education, will not be able to return to full service within one calendar month from the date the reserve is exhausted, shall be declared by the Superintendent of Schools in the status of an inactive employee without pay. Such employee shall immediately apply for and accept a leave of absence without pay for restoration of health. The expiry date of leave of absence without pay shall be January 31st or June 30th. Such inactive status and such leave of absence without pay shall take effect one calendar month from the date the reserve is exhausted. If the employee is unable to .resume full service on the expiry date of the leave of absence without pay, the Superintendent of Schools shall continue such status, and such employee shall immediately apply for and accept a further leave of absence without pay for the current school term. Such status and such leave of absence without pay may be terminated at any time by the Superintendent of Schools upon the recommendation of the Medical Bureau of the Board of Education. ” (Emphasis supplied.)
The clarity of the statute makes its interpretation and explanation unnecessary. In the court’s opinion the sole question is whether, petitioner’s accumulated absence reserve not having been exhausted, was respondents’ action proper and valid. Exhibit “ A ” annexed to the moving petition verifies *320 the fact that petitioner had a reserve of five days. Snch exhibit undeniably shows that upon completing her teaching duties at the close of the school year, June 30, 1967, at Public School No. 95, Bronx, to which petitioner had been assigned, the school principal rated the petitioner’s teaching performance as satisfactory and in addition, the individual rating report clearly indicated that petitioner had a cumulative absence reserve of “5 days”. Respondents’ answer, containing 48 paragraphs albeit failing to deny paragraph 7 of the petition which alleges the five days’ reserve credit benefiting petitioner, states in paragraph 40 as follows: “40. Since petitioner had five days cumulative absence reserve left in her bank as of September 8, 1967 she received and still retains, payment for two working days over and above the number of authorized days she was entitled to.”' Respondents’ contention that petitioner “In accepting payment for seven working days October, 1967, for which she rendered no services, petitioner has voluntarily exhausted her cumulative absence reserve” (emphasis supplied), is without merit. In effect, the respondent argues that petitioner is estopped from questioning the board’s actions since she waived her right when she accepted the benefit of the payment without protest. It appears that, perhaps unwittingly and through a misconception of the circumstances, respondent exercised a power which it did not possess, that of paying out money to petitioner 6 ‘ for which she rendered no service ’ ’. This is “in direct violation both of the applicable teacher-tenure statute law (Education Law, § 3013) and of the constitutional ban against gifts of public moneys (N. Y. Const., art. VIII, § 1) ”. (Matter of Boyd v. Collins, 11 N Y 2d 228, 231-234.)
Respondents’ answer dwells at length regarding the results of petitioner’s medical examinations. Whether this teacher was ill, is at this juncture unimportant, for under the circumstances here described respondent’s actions, the court finds, were contra to the specificity of the language of the subject by-law, therefore, were not warranted, improper and in violation of petitioner’s rights. In this instance, he who seeks to invoke the benefits of a statute which could sharply curtail the rights of others must himself obey its mandates. It is established that the by-laws of the Board of Education of the City of New York have the. force and effect of a statute binding alike on the board, its officers and agents, and the teachers in the school system, as well as the school principals (Bacon v. Board of Educ. of City of N. Y., 205 Misc 73, affd. 285 App. Div. 1046, rearg. den. 286 App. Div. 832).
*321 Upon careful consideration, the court finds there was no conformity or compliance here with the provisions of the by-laws; that such action sought the removal of petitioner, a tenured teacher, in violation of section 2573 of the Education Law. The actions and procedures employed by the respondents were accordingly violative thereof. Our courts have held that the subject by-laws should be strictly complied with (Matter of Stone v. Gross, 25 A D 2d 753, affd. 19 N Y 2d 675; Matter of Dushane v. Kazmierczak, 192 Misc. 23, affd. 274 App. Div. 1025); however, here respondents failed or refused to do so.
As to the respondents’ claim that this proceeding is time-barred, I find such contention is without merit. Contrary to petitioner’s readiness and willingness to perform her teaching duties, Deputy Superintendent Lang wrote petitioner on May 6, 1968 directing her ‘ ‘ not to report to school or to the office of the district superintendent effective Thursday May 9, 1968. * * * You will be considered absent without pay for the school days from June 5 through June 30, 1968.” From the submitted papers and exhibits, it is evident the time element favors petitioner.
In the court’s view movant has sufficiently demonstrated that due process was not accorded her by respondents and that the latters’ actions were arbitrary and unlawful. Accordingly, I find that she is entitled to the relief prayed for (Matter of Boyd v. Collins, supra; Matter of Kobylski v. Agone, 37 Misc 2d 255, affd. 19 A D 2d 761).