■ In the Matter of ANNE J. KINNEY, Respondent, v. ALAN D. MILLER, as Commissioner of Mental Hygiene, et al., Appellants.— Order unanimously modified, without costs, and matter remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: In this article 78 proceeding which seeks an order reinstating petitioner to her position as an attendant at the Rome State School, it is alleged that petitioner's removal was obtained by threat and duress, and that her resignation was not voluntarily made. The alleged threats of barring her from collecting unemployment insurance and "that she would never be able to get another Civil Service job unless

she resigned her position", if proved, would constitute duress (cf. *Matter of Hassett* v. *Barnes*, 11 A D 2d 1089; *Matter of Dushane* v. *Kazmierczak*, 192 Misc. 23, affd. 274 App. Div. 1025) and a resignation obtained thereby would be invalid (*Toscano* v. *McGoldrick*, 300 N. Y. 156, 161). Special Term properly found a triable issue but mistakenly directed that a hearing be held thereon "under section 75 of the Civil Service Law * * * by an officer or a body having power to remove the petitioner". That section provides that certain public employees may not be removed except for incompetency or misconduct established at such a hearing upon stated charges. However, the issue of a threat and duress in obtaining petitioner's resignation has no relationship to any charge of incompetency contemplated by section 75 of the Civil Service Law. The issue found to exist in this case should be tried forthwith in the Supreme Court (CPLR 7804, subd. [h]). (Appeal by permission from order of Oneida Special Term in article 78 proceeding for reinstatement as employee.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Henry, JJ.