Francis J. Bloustein, J.
In this article 78 proceeding petitioner seeks to be reinstated to his former position as President of Kingsborough Community College on grounds that no formal charges were served upon him as required by article VII of respondent’s by-laws. Nor was there a formal hearing held pursuant to same. However, it is the respondent’s position based upon a construction of said by-laws that procedural and substantive due process do not extend to petitioner under circumstances which involve removal from an administrative position only. Chief educational officers, it is alleged; are subject to removal from such a position at the pleasure of the Board of Education. The due process right set forth in the by-laws relates only to their academic instructional function. It is established that the by-laws of the Board of Education of the City of New York have the force and effect of a statute binding alike on the board, its officers and agents, as well as those academicians in the school system (Matter of Moses v. Roard of Educ. of City of N. Y., 59 Misc 2d 318, 320; Bacon v. Board of Educ. of City of N. Y., 205 Misc. 73). In addition, our courts have held that the subject by-laws should be strictly complied with (Matter of Stone v. Gross, 25 A D 2d 753, affd. 19 N Y 2d 675; Matter of Dushane v. Kazmierczak, 192 Misc. 23, affd. 274 App. Div. 1025); however, the respondent herein appears to have failed or refused to do so.
A close reading of the pertinent sections of the by-laws referred to by the parties clearly indicates that members of “ the instructional staff”, of which class petitioner is concededly a member, may be removed for incompetent or insufficient service; neglect of duty; unbecoming conduct or physical or mental incapacity subject to formal charges and a hearing held pursuant thereto. There is no attempt in the by-laws to limit the definition of ‘ ‘ service ” or “ duty ’ ’ to exclude administrative duties or service. Nor can the court accept such an interpretation in view of the titles included in this protected class (chancellor, deputy-chancellor, vice chancellor, president, etc). In the court’s view, a less tortured construction of the by-laws is warranted. Petitioner is entitled to the due process procedures set forth in these by-laws. Respondent’s action is for that reason arbitrary and unlawful.
*723 Accordingly, the instant request for relief is granted and petitioner is restored to his former position subject to whatever action the Board of Education may now deem appropriate. In so doing, we make no attempt to pass upon the ultimate merit of this controversy.