■ In the Matter of MARVIN A. RAPP, Appellant, v. ONONDAGA COMMUNITY COLLEGE et al., Respondents.— Judgment unanimously reversed and matter remitted to Supreme Court, Onondaga County, for disposition on the merits, with costs, to abide the event. Memorandum: In this article 78 proceeding petitioner seeks, among other things, judgment directing respondents to continue him in office as president of respondent college for at least a period of five years from September 1, 1972, and enjoining respondents from interfering with his performance of the duties of such office during the remainder of his contract. Petitioner was originally employed as president in 1966 under an oral contract which was supplemented by a letter from the chairman of the board of trustees of the college and a resolution by the Board of Trustees of the State University of New York. Beginning in 1968 petitioner was continued as president by annual written contracts, the last one executed in 1972 for the academic year ending August 31, 1973. In July, 1972 respondents adopted a resolution entitled "Personnel Policies", which provide that after a one-year probationary period, all administrators would be employed for a three-year period and, if continued thereafter, would then be employed for five-year periods. Procedural rights of notice of termination of employment also were granted. In February, 1973 the County Legislature and the board of trustees of the college decided not to renew petitioner's contract after August 31, 1973. Respondents assert that petitioner was so notified at the time and that the new personnel policies of the college do not apply to the president. Petitioner claims that said policies do apply to him, that they automatically made his renewal contract in 1972 a five-year contract, and that respondents failed to give him proper notice of termination as provided in such personnel policies. He also contends that since his employment was originally approved by resolution of the Board of Trustees of the State University of New York, it cannot be terminated without a resolution of that board. Respondents dispute the latter contention, but assert that if petitioner is correct with respect thereto, he has not exhausted his administrative remedies and hence this article 78 proceeding is premature. In denying and dismissing the petition Special Term held that a proceeding under article 78 would not lie for failure of petitioner to exhaust his administrative remedies and also because petitioner had an adequate remedy at law, namely, a plenary contract action. The court further held that although it could entertain the proceeding as an action, as a matter of discretion it would decline to do so. In our view Special Term had authority to entertain this article 78 proceeding as such (see *Matter of Powell* v. *Board of Higher Educ. of City of N. Y.,* 67 Misc 2d 721, revd. 38 A D 2d 541, affd.

30 N Y 2d 889). Since, however, that would have required the court to determine the threshold question as to whether petitioner had exhausted all administrative remedies which he possessed and since petitioner has adequate alternate relief available, we do not question the exercise of discretion by Special Term in declining to entertain the petition as an article 78 proceeding (see 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7801.07). We conclude, however, that inasmuch as all necessary parties were before the court, the court erred in failing to treat the proceeding as an action as provided in CPLR 103 (subd. [c]) (see *Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.,* 29 A D 2d 1042, modfg. on other grounds and affd. 24 N Y 2d 400; *Matter of Buffalo Gen. Hosp.* v. *Sipprell,* 33 A D 2d 977; *Matter of Mandis* v. *Gorsky,* 24 A D 2d 181; *Matter of Nowak* v. *Wereszynski,* 21 A D 2d 427). The judgment should, therefore, be reversed and the matter remitted to Supreme Court, Onondaga County with direction that it be treated as an action, for disposition on the merits. (Appeal from judgment of Onondaga Special Term in article 78 proceeding to review termination of employment.) Present — Marsh, P. J., Witmer, Simons, Mahoney and Goldman, JJ.