OPINION OF THE COURT
Edward M. Horey, J.
The petitioner was an employee of the Probation Department of Cattaraugus County from September 1,1973 to and through December 31,1977. His position was that of a support officer at pay grade 21. On January 1, 1978, petitioner was transferred to the Cattaraugus County Department of Social Services. This transfer was the consequence of the enactment by the New York State Legislature of chapter 516 of the Laws of 1977. That statute had as its principal purpose the transfer of all duties and all personnel of the previous support collection units of county probation departments to newly formed support collection units of county departments of social services.
On June 21,1977, while an employee in the Probation Department, the petitioner successfully completed a competitive examination for the position of probation officer, carrying pay grade 27. As the most successful candidate, petitioner was placed first on the eligible list for appointment. No vacancy for the position of probation officer existed until January 1, 1980.
Petitioner, then an employee of the Department of Social Services, with total service in all departments of county government of six years, applied for the vacancy. Petitioner *1095 urged that he had priority for appointment by dint of his status on the eligibility list, his involuntary transfer and rights alleged to redound to his benefit both under the Civil Service Law and the provisions of chapter 516 of the Laws of 1977, as well as the collective bargaining agreement existing between the respondent county, and the respondent Civil Service Employees Association [CSEA].
After consultation with the representatives of respondent Civil Service Employees Association, the respondent Cattaraugus County acting by and through the respondent director of probation, appointed one William Johnson, an employee in the Social Services Department with 12 years of employment in county government, but none of which had been for service in the Department of Probation.
Denied appointment, petitioner brings this proceeding under CPLR article 78 seeking therein to vacate the appointment which was made to the position of probation officer and to compel his appointment to that position.
Several arguments are advanced by petitioner. The court considers first petitioner’s contention that he was to be accorded preferential treatment under the collective bargaining agreement.
Examination discloses it to be clear that preferential treatment is to be accorded “the most senior employee” within a department of county government over a nondepartmental employee with more service under article 13 of the collective bargaining agreement. This preferential treatment is founded on a fair and logical concept that priority of employment should be given to personnel who have the longest period of training and thus impliedly the greatest expertise in a particular department of county government. By the contract terms, such preferential treatment may be set aside only in the instance that management can reasonably demonstrate that such senior departmental employee is “grossly less qualified, incompetent, or has a substantially inferior work record”, than another qualifying employee. There is not even an allegation made in this proceeding that either the respondent, Cattaraugus County, or the director of probation (management) considered the petitioner deficient to the selected appointee on any of the contractually enumerated grounds.
*1096 The sole contention of the respondents is that the clear preferential treatment to be accorded the most senior employee within a particular department under the contract terms is a provision which is not applicable to the petitioner. Such nonapplication, the respondents contend, is for the reason that the petitioner at the time of appointment was no longer an employee in the Department of Probation where the vacancy exists, but rather was an employee in the Department of Social Services as was the appointee with greater in time service.
Respondents’ argument overlooks the fact that the petitioner’s transfer from the Department of Probation to the Department of Social Services was involuntary. It was the consequence of the enactment into law of chapter 516 of the Laws of 1977 of the State of New York. The effect of this act was to effectively transfer all business and all personnel of the support collection unit of the county Department of Probation to a support collection unit in the county Department of Social Services. So far as chapter 516 of the Laws of 1977 is concerned, that transfer was accomplished not only without provision for prior advice or consent of affected personnel, but also without statutory provisions for subsequent objection, complaint, or review by such personnel. Any 'rights of an employee to resist transfer must be found elsewhere than in the provisions of chapter 516 of the Laws of 1977.
This court regards the absence of any provisions for objection or review of transfers in the language of chapter 516 of the Laws of 1977 as relevant in construing what appears to be the only section of that statute that contains any provisions that even arguably seek to protect any rights of employees, viz., section 37 of chapter 516 of the Laws of 1977. That section is entitled “Existing rights and remedies preserved”. It provides: “No existing right or remedy of any character shall be lost, impaired or affécted by reason of this act”.
Respondents urge that the provisions of section 37 should be construed as applicable only to a preservation of rights of parties involved in judicial support collection proceedings, e.g., that previously adjudicated orders for support *1097 accruing to the benefit of wives and children and rights thereunder are to be preserved.
This court rejects respondents’ construction. This court determines that the provisions of section 37 are applicable to personnel who were involuntarily transferred from the Department of Probation to the Department of Social Services generally, and to this petitioner particularly.
If the provisions of section 37 were to be delimited to a preservation of rights of parties to support collection matters, it was not so stated. There is no ambiguity to the words which were used. The parties to such proceedings were protected by ordérs and decisions judicially made and determined which were in the nature of judgments. These would continue in force after the enactment of chapter 516. There were no provisions there contained that sought to change them and doubt exists if any legislation would be constitutionally effective if such change were attempted. Considering the continuance of all determinations, and considering that prior procedures to enforce such determinations also continued, and considering that all pre-existing procedural rights of parties under the Family Court Act and other legislative statutes were continued without change after the enactment of chapter 516, there is no discernible need for the inclusion of provisions calculated to preserve the rights of parties in support proceedings. None of their rights were materially affected by the statutory enactment. It merely redeployed enforcement personnel of support collection units from one county department of government to another.
This court reaches the conclusion that a more reasonable construction is that provisions of section 37 were incorporated for the benefit of the personnel which were affected by the involuntary change of departmental employment. Such construction is supported by the practical need of provisions setting forth employee rights. The instant case demonstrates the necessity. It is buttressed by the absence of any other statutory provisions for the protection of employees’ rights in chapter 516, as we have earlier noted.
Giving effect to the words used, which are plain and free from ambiguity and have a distinct and perfect meaning, *1098 and giving an interpretation required by clear necessity, and which seeks to avoid an absurd consequence, is part and parcel of the “first and fundamental rule” in the interpretation of statutes. (See the early celebrated, much quoted case of People v New York Cent. R. R. Co., 24 NY 485, 488.) This court holds that section 37 of chapter 516 of the Laws of 1977 provides for the continuance of all rights of personnel transferred as a consequence of that statute.
Black’s Law Dictionary (4th ed) defines a “right” as “a power, privilege, faculty, or demand, inherent in one person and incident upon another”. It defines a “remedy” as “ [t]he means by which a right is enforced or the violation of a right is prevented, redressed or compensated”.
As a person qualified by examination in the Department of Probation and the leading contender on the eligible list, the petitioner had a power, privilege, faculty and demand inherent in him and incident upon an employer to be accorded preferential treatment for appointment and promotion. The court holds that this was an existing “right” within the meaning of section 37 of chapter 516 of the Laws of 1977 and its continuance was protected by that section.
Clearly, both under the collective bargaining agreement and under the Civil Service Law, the petitioner would have had an existing remedy to secure the enforcement of his “right” if he had remained an employee of the Probation Department. To determine that by a departmental transfer as a consequence of legislative action, and wholly involuntary on the part of the petitioner and without provision for objection or review, that his earned right to appointment or promotion was effectively eliminated would be manifestly unjust.
This brings us to a second separate and independent basis to support the position of the petitioner. It is found in subdivision 2 of section 70 of the Civil Service Law, which is entitled “Transfer of personnel upon transfer of functions”.
By its terms, subdivision 2 of section 70 of the Civil Service Law is applicable “Upon the transfer of a function (a) from one department or agency of the state to another department or agency of the state, or (b) from one civil division of the state to another civil division of the state, or *1099 (c) from a civil division of the state to the state, or visa versa”.
Respondents urge that the cited statute (subdivision 2 of section 70 of the Civil Service Law) is without application because the transfer of the petitioner was an interdepartmental one at the county level and thus not within any of the provisions of the statute.
It is clear that if the petitioner had been an employee of a department or an agency of the State and a comparable interdepartmental transfer had been accomplished by legislative enactment, the provisions of subdivision 2 of section 70 would have been applicable under the provisions contained in (a) thereof. This would have included the protection and continuance of seniority rights which are provided in subdivision 2 of section 70 of the Civil Service Law, to wit: “Officers and employees transferred to another governmental jurisdiction pursuant to the provisions of this subdivision shall be entitled to full seniority credit for all purposes for services rendered prior to such transfer in the governmental jurisdiction from which transfer is made.” (Italics added.)
No good reason has been advanced or suggested and none has been discovered by this court to explain why logically and equitably protective provisions similar to those in subdivision 2 of section 70 of the Civil Service Law are not applicable when personnel transfers are on an interdepartmental basis at the county level, rather than at the State level of employment. Perhaps the answer lies simply in legislative oversight. This court does not propose to attempt correction of the statutory void either by direct judicial fiat or indirectly by predicating a determination on permitted inference. Neither are necessary in the case for decision.
Under date of December 7, 1977, the New York State Department of Civil Service issued a memorandum to all county civil service agencies concerning the procedures to be followed as a consequence of the enactment of chapter 516 of the Laws of 1977. Paragraph third of that memorandum contains the following statement: “We recommend that you apply the procedures outlined in Sec. 70.2 of the Civil Service Law, notwithstanding the fact that that sec *1100 tian of the law does not apply to local government”. It was upon this recommendation that Cattaraugus County, acting through its director of probation, served the petitioner with a notice and an attached copy of section 70 of the Civil Service Law.
What the court holds here is that whether or not the provisions of subdivision 2 of section 70 of the Civil Service Law are generally applicable to interdepartmental transfers in county government, they were made applicable in the instant case by the action which was taken by the county through its representatives. The reasons supporting this determination follow.
Acting upon the specific advice of the State of New York Department of Civil Service, upon transfer of the petitioner from the Department of Probation to the Department of Social Services, there was served on him, by a departmental head of county government, a certain “notice” with an attachment. The “notice” first advised that the support collection unit of the Department of Social Services would assume the obligations of the Cattaraugus County Probation Department, effective January 1, 1978, pursuant to chapter 516 of the Laws of 1977. It next advised the names of the personnel who would be transferred. The petitioner’s name was the first set forth. The “notice” concluded with the following statement: “Attached is a copy of the Civil Service Law pertaining to transfers”. (Italics added.) Attached to the “notice” was a photostat copy of section 70 of the Civil Service Law, inclusive of subdivision 2 thereof. Although the “notice” made fleeting reference to chapter 516 of the Laws of 1977, no part of that statute was set forth, nor attached. There were only the brief provisions of the “notice” previously reviewed, and an attached photocopy of section 70 of the Civil Service Law, that was served upon the petitioner.
So far as advice of the effect of the transfer on him, the petitioner was limited to the statement contained in subdivision 2 of section 70 of the Civil Service Law that provided that he would be entitled to full seniority credit for all purposes for services rendered prior to such transfer. The entitlement of such rights is precisely what the petitioner is seeking in this proceeding. He should have such *1101 protection. An applicable, legal and equitable principle is at hand to afford such relief.
“Equitable estoppel or estoppel in pais is the principle by which a party is absolutely precluded, both at law and in equity, from denying, or asserting the contrary of, any material fact which, by his words or conduct, affirmative or negative, intentionally or through culpable negligence, he has induced another, who was excusably ignorant of the true facts and who had a right to rely upon such words or conduct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, changing his position in such a way that he would suffer injury if such denial or contrary assertion were allowed”. (21 NY Jur, § 15, p 20, and cases there cited.) Essentially, the principle of equitable estoppel prohibits one party upon principles of honesty and fair dealing from asserting rights, the enforcement of which would, through such party’s omission or commission, work fraud and injustice.
Neither the State, nor Cattaraugus County as a subdivision thereof, is exempt from the principles of equitable estoppel. Eden v Board of Trustees of State Univ. of N. Y. (49 AD2d 277, 283-284) contains the following relevant summary of the law on this issue. “American Jurisprudence 2d (vol 28, Estoppel and Waiver, § 123) states that although ‘a state is not subject to an estoppel to the same extent as is an individual or a private corporation’ and that the principle ‘should not be lightly invoked against the state’, nevertheless it will be applied ‘when justified by the facts’ or where ‘necessary to prevent * * * manifest injustice’. (See, also, 2 Antieau, Municipal Corporation Law, § 16A.00; 6 McQuillin, Municipal Corporations, § 20.13; Moore v Mayor, etc., of City of N. Y., 73 NY 238, 246; Vermeule v City of Corning, 186 App Div 206, affd 230 NY 585; Vandeweghe v City of New York, 150 Misc 815, affd 242 App Div 762; Robinson v City of New York, 24 AD2d 260; 21 Univ of Chicago L Rev 680, 707.)”
This court holds that the respondent, Cattaraugus County, is estopped from asserting that the protective provisions of subdivision 2 of section 70 of the Civil Service Law are not applicable to the petitioner. The facts justify the application of those provisions to his benefit. Failure to *1102 accord their protective provisions to the petitioner would work a manifest injustice on him under the facts in this proceeding.
Respondents next raise the issue of the propriety of petitioner proceeding under CPLR article 78. Recourse to the petition discloses that the relief sought is in the nature of mandamus. While other objections to the procedure might have been raised by respondents, e.g., a contention that the proceeding was in the nature of a review of a determination of contract terms involving discretion and thus actually in the nature of certiorari, the respondents have not contested the availability of relief by way of mandamus, but have contented themselves with urging only that under the mandamus proceeding, the petitioner has not exhausted his administrative remedies. Respondents contend that other relief is available to the petitioner.
The applicable statute is CPLR 7801. In their excellent text, New York Civil Practice, the authors Weinstein, Korn and Miller point out that the requirement that there be no other adequate method of review is inapplicable to prohibition or mandamus under the terms of CPLR 7801. (See 8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.07, p 78-26; Matter of Leonard v Horton, 278 App Div 62, 64.) They point out, however, that the continuance of a common-law doctrine imposing such a requirement continues. The authors concluded that “[wjhat is clear, in any event, is that the test of other adequate relief is generally applied — even to those proceedings apparently excluded by the statute— although many cases do not explicitly indicate whether the result rests on the statute or common law”. (8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.07, p 78-27, and cases cited.)
In Matter of Great Lakes Dredge & Dock Co. v Wagner (46 AD2d 721, 722), it was stated that “[ajppellants who are seeking mandamus are required to demonstrate the necessity and propriety of this type of relief”. The court also stated (p 722) “Each case must depend on the sound exercise of the court’s discretion”.
In Matter of Rapp v Onondaga Community Coll. (45 AD2d 922), the same court in the same year reached a conclusion that the dismissal by Special Term of a mandamus *1103 proceeding was within the discretion of the Trial Justice. However, the Appellate Division, Fourth Department, held Per Curiam that inasmuch as all necessary parties were before the court, the trial court (p 923) “erred in failing to treat the proceeding as an action as provided in CPLR 103 (subd. [c]) ”. Thus, the court remanded the proceeding to the trial court with direction that the proceeding be treated as an action and determination be made.
This court accepts the determination of Matter of Great Lakes Dredge & Dock Co. (supra) and of Matter of Rapp v Onondaga Community Coll. (supra) as binding precedent. Applying the principles there stated, it is first noted that petitioner does not base his claim on a contention that the provisions of the collective bargaining agreement between the respondent, Cattaraugus County, and CSEA has been violated. Rather, petitioner bases his claim on the provisions of section 70 of the Civil Service Law previously noted, and on the provisions of section 37 of chapter 516 of the Laws of 1977. Those provisions, previously reviewed and providing generally for a continuance of seniority rights upon involuntary transfer has been determined by this court to be applicable. It is clear that the application of the provisions of those statutes would require the respondents, County of Cattaraugus and Stanley W. Stowell, as Director of the Probation Department of Cattaraugus County, to appoint the petitioner to the existing vacancy. This is not then a matter of discretionary action taken by the appointing authority to be reviewed by proceeding in the nature of certiorari. Rather, there is presented a matter upon which the appointing authority would have no discretion, providing always that this court is correct in its determination that the cited statutes do apply. On such basis, a proceeding in mandamus properly lies. (See 8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.07, p 78-26.)
Turning to respondents’ argument that grievance procedures provided for in the collective bargaining agreement had not been exhausted, the following is observed. The determination which is questioned is one made by the respondent, Stanley Stowell, as head of the Department of Probation. The grievance procedure provided under the collective bargaining agreement would not permit a procedural review *1104 of his determination. This is for the reason that under the terms of that agreement a grievance must be submitted to an employee’s immediate supervisor and then if unresolved to the employee’s department head.
Under the facts of this proceeding, the petitioner is an employee in the Department of Social Services, as a consequence of his involuntary transfer. His department head is the Cattaraugus County Commissioner of Social Services. Neither petitioner’s immediate supervisor, nor the Commissioner of Social Services, as department head, have knowledge of the action taken, or the appointment which was made by the director of probation. Under the structure of Cattaraugus County government, the Commissioner of Social Services, as a department head, has no authority to review the determination made by the director of probation, as head of a coequal department of county government. The simple truth of the matter is that the grievance procedure provided in the collective bargaining agreement never envisioned a situation such as is presented in this proceeding.
A further factor dispels the adequacy of any administrative review under the terms of the collective bargaining agreement. It stems from those provisions which provide that a grievance appeal or “arbitration” is available only to the Civil Service Employees’ Association. Such appeal must be brought by the union. It cannot be brought by the employee. Here, it appears that the appointment which was made was done after conference and consultation between representatives of the union and of the county and with the admitted consent and concurrence of the union representatives, if not also upon their advice and suggestion. Having taken the position which they did, they are hardly the impartial advocate to advance the petitioner’s position.
Finally, the nonavailability of an adequate method of review, other than under CPLR article 78, lies in the uncontested admission of the county civil service administrator that any procedures provided under the collective bargaining agreement would be inappropriate and the further concession that there are no administrative remedies available to the petitioner.
All necessary parties are before the court to permit a determination as provided in CPLR 103 (subd [c]).
*1105 For that reason and upon all the grounds stated, decision is for the petitioner. Judgment shall be entered for him and against the respondents requiring the following:
(1) That the appointment of William Johnson to the position of probation officer, heretofore made on January 21, 1980, be vacated forthwith.
(2) That petitioner, Douglas H. Prey, be immediately thereupon appointed to the position of probation officer with such appointment effective for payroll purposes as of January 21, 1980.
(3) That petitioner be paid that sum of money that represents the difference between that salary paid petitioner from January 21, 1980 and that salary which would have been paid petitioner as a probation officer from such date to the date of the judgment entered herein; with leave to any party to pray at the foot of such judgment for review and determination by this court of such sum in the event that computation thereof is contested. '
Judgment shall be prepared by petitioner and submitted to the court upon notice to all respondents.
*1106 L